GRAHAM v. SEIGNIOUS.

1. LANDLORD AND TENANT—THE PRESUMPTION is that a contract between landlord and tenant for agricultural purposes for one year expires with the year and not that it continues through another.

2. LIENOR AND LIENEE—DAMAGES—NOTICE—CONVERSION—JURY—NONSUIT.—When a junior lienee receives information that his lienor is a renter, this is sufficient to take a case of damages, for conversion of rent cotton, to the jury upon the question of actual notice of landlord's lien.

3. LANDLORD AND TENANT—NONSUIT.—The instrument put in evidence showed that plaintiff was a landlord, leasing land for agricultural purposes, and nonsuit for lack of evidence on this point was error.

4. APPEAL—SUPREME COURT—NONSUIT.—Grounds not presented to the trial Judge, upon which to sustain a motion of nonsuit, will not be considered here, on motion of respondent to sustain order of nonsuit.

Before WITHERSPOON, J., Charleston, February, 1897. Reversed.

Action by Benjamin Graham against James M. Seignious. From judgment of nonsuit, plaintiff appeals.

*Messrs. Sloan & Green* and *George F. Von Kolnitz, jr.*, for appellant. The former cite: *The action is proper:* 55 Ala., 432; 43 S. C., 459. *Proof of contract for 1893 raises presumption of same for 1894, in connection with other testimony:* 40 Vt., 615; 12 Minn., 54; 11 N. H., 91; 9 Wend., 351; 4 Id., 423, 672; 4 Wash. C. C. R., 38; 4 Camp., 275; 14 E. C. L. R., 432; 12 O. B., 806. *Admitted evidence shows existence of landlord and tenant:* Rev. Stat., 2512; 42 S. C., 69; 2 Hill Ch., 421; 14 S. C., 626; 22 S. C., 32; 23 S. C., 490; 24 S. C., 285; 29 S. C., 147; 40 S. C., 148;

53 Ala., 432. *Letter asking for money to pay rent put defendant on inquiry:* 14 S. C., 312, 627; 24 S. C., 295; 34 S. C., 559; 12 S. C., 131; 22 S. C., 32. *Prima facie case must go to jury:* 1 Strob., 203. *Grounds of nonsuit not urged below will not be considered here:* 44 S. C., 22, 299. *Where taking is tortous, no demand is necessary:* 48 S. C., 421.

*Messrs. Fitsimons & Moffett,* contra, cite: *Testimony as to relation of landlord and tenant for 1893 properly excluded:* 19 S. E. R., 98; 10 S. C., 460; 42 S. C., 311; 33 S. C., 259. *Mere possession of land is not of itself notice to a factor of an unrecorded lease:* 36 S. C., 274; 20 Stat., 15; 14 S. C., 41; 15 S. C., 550. *Landlord may follow property but not proceeds:* 14 S. C., 41; 15 S. C., 550. *When can recovery be had?* 43 S. C., 459; 35 S. C., 187.

Sept. 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand clearly the questions at issue, it has been deemed advisable to set out the complaint and answer.

The complaint alleges: "1. That heretofore, to wit: on the 10th November, A. D. 1893, the plaintiff, Benjamin Graham, entered into a contract in writing with one W. M. Arant, whereby it was agreed that the plaintiff lease certain lands in Orangeburg County, in Amelia Township, known as the Arant part of Belleville plantation, to said W. M. Arant, for the period or term of one year from the 1st day of January, 1894, to the 31st day of December, 1894, for the yearly rental of $340, to be paid on or before 15th October, 1894; no part of which said sum has been paid, except the sum of $151.40, which sum was the proceeds of all the crops raised by the said Arant on said lands during said year, except the fourteen bales of cotton converted by the defendant, as hereinafter alleged. 2. That to secure the payment of the said sum of money, the said W. M. Arant executed and delivered in writing under seal a lien on the crop or crops which might be made on said lands. 3. That the said W.

M. Arant, at the direction and request of defendant, and induced by him, shipped and delivered to him, the said defendant, James M. Seignious, a factor in the city of Charleston, State and county aforesaid, fourteen bales of cotton, grown and raised on said lands by said W. M. Arant, and under lien to the plaintiff herein. 4. That the said James M. Seignious, defendant herein, did receive and take the said fourteen bales of cotton so shipped as aforesaid, being well aware of the lien of this plaintiff thereon, and did sell and dispose of the same, thereby placing the said fourteen bales of cotton beyond the reach of a warrant of seizure; and though said cotton, or the proceeds of the sale thereof, has been demanded of him, the said James M. Seignious, he refuses either to deliver the said cotton or to pay the proceeds of sale of same, to the damage of plaintiff $500." (Prayer.)

The answer alleges: "1. Defendant denies that he at any time, or in any way, converted fourteen bales of cotton, or the proceeds thereof, as alleged in the first paragraph of the amended complaint. As to the remaining allegations of said first paragraph, defendant denies any knowledge or information sufficient to form a belief. 2. Defendant denies any knowledge or information sufficient to form a belief as to the allegation of the second paragraph of the amended complaint. 3. Defendant denies the allegations of the third and fourth paragraphs of the amended complaint. 4. Further answering, defendant alleges that W. M. Arant shipped to this defendant in the year 1894, fourteen bales of cotton, but this defendant has no knowledge or information, sufficient to form a belief, as to whether said cotton was grown on lands under lease from plaintiff, or that plaintiff had or has any lien or claim upon said cotton. Defendant alleges that on 19th January, 1894, he entered into an agreement in writing with the said W. M. Arant and M. A. Arant to make advances in money or supplies to an amount not exceeding $900 during the said year, to be used by said W. M. Arant and M. A. Arant in the cultivation of plantations known as 'Belleville' tract, containing 412 acres, near

Fort Motte, and also the Bowman place, containing 574 acres, near Rowesville, both in Orangeburg County. Pursuant to said agreement this defendant did, subsequent to the execution thereof and during said year 1894, make advances to the said W. M. Arant and M. A. Arant, in consideration of the lien on the crop made during said year, secured to him by said agreement, which said agreement was duly indexed and recorded in the proper office in Orangeburg County. And this defendant alleges that the said fourteen bales of cotton were shipped to him pursuant to said agreement and subject to the lien thereof, and the said cotton was sold and the proceeds applied to the discharge of the debt of the said lienors to this defendant, pursuant to agreement, leaving said lienors still indebted to this defendant, after exhausting all securities covered by said lien, in the sum of $381.72, no part of which has been paid to this defendant. Defendant alleges that at no time has he been aware that plaintiff had, or claimed to have, a landlord's lien upon said cotton, or claim upon or interest in the same, and the first intimation he received of such a claim from any source before the service of the summons herein, was about a year after the sale and delivery of the cotton by this defendant, and the application of the proceeds in the manner herein alleged." (Prayer.)

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the following grounds: "1. There is no evidence as to the material allegations of the complaint. 2. Because knowledge is the most material allegation in this action, and there is total absence of testimony tending to show the fact of knowledge on the part of defendant, to wit: that he received and took and sold and disposed of fourteen bales of cotton under lien to plaintiff, 'being well aware of the lien of plaintiff thereon,' as alleged. 3. There is no testimony tending to show that James M. Seignious, of Charleston, ever knew or heard of Benjamin Graham, of New York, or ever knew or heard that said Benjamin Graham owned and rented out land in Orange-

burg, or that Seignious received and took, sold, and disposed of cotton under lien to Graham, or that Seignious 'sold and disposed of fourteen bales of cotton under lien to plaintiff, with knowledge of the existence of such lien.' 4. Because there is no evidence that plaintiff was a landlord, leasing land for agricultural purposes, or that plaintiff had a landlord's lien upon any cotton shipped to defendant."

After argument, the motion was granted in the following order: "A motion for nonsuit having been made upon the grounds set out in the notice therefor, after hearing argument thereon, it is ordered, that the nonsuit be and the same is hereby granted, and that judgment thereon be entered with costs. (Signed) I. D. Witherspoon, presiding Judge. March 18th, 1897."

The questions properly raised by the exceptions are, whether there was error in excluding the introduction of certain testimony mentioned in the first exception, and in granting the order of nonsuit, on the grounds upon which the motion was made.

The first exception is as follows: "1. Because his Honor erred in ruling out all the testimony proposed to be introduced by the plaintiff of transactions between the defendant and Arant, the tenant of plaintiff, prior to the year 1894, showing or tending to show knowledge of the existence of the relation of landlord and tenant between plaintiff and Arant in 1893, by the defendant, to wit: the testimony of W. H. Arant on this point, and of P. T. Hildebrand; for it is respectfully submitted that should plaintiff show that defendant had actual knowledge of such relationship between plaintiff and Arant for the year 1893, and that such relation still existed in 1894, under a continuous possession and lease, this was competent evidence that defendant had knowledge of such relationship for 1894, and should have been submitted to the jury." In ·the first place, there was no testimony introduced tending to show that the defendant had knowledge of the relation that existed during the year 1893, between the plaintiff and

his tenant.   But even if testimony had been introduced to
that effect, the exception could not be sustained, as the re-
lation that existed between the plaintiff and his tenant was
not *continuous* in its nature.   This is shown by the fact
that the said landlord and tenant, on the 10th of November,
1893, entered into the agreement set forth in the first para-
graph of the complaint.   Instead of there being a presump-
tion that the same relation existed during the year 1894 as
in 1893, the presumption was that the relation ceased at
the end of the year 1893, when the contract between the
landlord and tenant was terminated either by operation of
law or under the agreement between the parties, thus neces-
sitating a new contract for the year 1894.   This exception
is overruled.

The next question raised by the exceptions is, whether
there was error in granting the order of nonsuit on the
ground that there was a total failure of testimony tending
to show that the defendant knew the plaintiff had a lien
prior to that of the defendant, on the cotton which was de-
livered to him.   Before proceeding to consider this
question, it may be well to state the principles of
law applicable to the case.   If the defendant received
and disposed of the cotton mentioned in the complaint,
having *actual* notice of the plaintiff's prior lien for rent,
then he became liable, not for the value of the cotton or its
proceeds, but for the damages which the plaintiff sustained
by reason of the impairment of the security which the
plaintiff had for enforcing payment of his lien for rent.
*Heath* v. *Haile*, 45 S. C., 642.   Knowledge of such facts,
as if they had been pursued with due diligence, would
have led to knowledge of the prior lien for rent is equiva-
lent to *actual* notice.   If the defendant received and dis-
posed of a part of said cotton after *actual* knowledge of the
plaintiff's prior lien, then he became liable only for dam-
ages to the extent that the plaintiff's security was impaired
by receiving and disposing of such part of the cotton.   The
following letter was received by the defendant from M. A.

& W. M. Arant: "Fort Motte, S. C., Oct. 25th, 1894.   Mr. J. M. Seignious—Dear Sir: Our rent is due now, and would you send us $125 on six bales of cotton.   If so, let us know by return mail.   Yours truly, (Signed) M. A. and W. M. Arant."   This letter informed the defendant that the parties who wrote it were tenants, and this was sufficient to have put him on inquiry.   It should, therefore, have been submitted to the jury to determine whether the inquiry, if pursued with due diligence, would have led to a knowledge of the plaintiff's prior lien.   *McGee* v. *French*, 49 S. C., 454.

As the presiding Judge committed error in granting the order of nonsuit for the reason just stated, which will necessitate a new trial, it becomes unnecessary to consider whether there was any other testimony tending to establish the fact of notice.   Indeed, it is deemed advisable, for the reason just stated, that the Court should not express an opinion as to the other testimony, as it might prejudice one or the other parties to the action upon the second trial thereof.   The exceptions raising this question are sustained.

The next question raised by the exceptions is, whether there was error in granting the nonsuit on the ground that there was no evidence that plaintiff was a landlord, leasing land for agricultural purposes, or that plaintiff had a landlord's lien upon any cotton shipped to defendant.   The plaintiff introduced in evidence the instrument of writing described in the complaint, which showed that there was error in granting the nonsuit on this ground. The exceptions raising this question are sustained.

The respondent's attorneys served the following notice: "To Messrs. Sloan & Green, George F. VonKolnitz, jr., appellant's attorneys: Please take notice: That if the Supreme Court should find itself unable to sustain the order of nonsuit upon the grounds upon which it was made, we will insist that the judgment entered herein be sustained upon the following grounds, viz: 1. There is no evidence that defendant 'converted' fourteen bales of cotton, as alleged.   2. There is no evidence that

defendant 'directed, requested, or induced' W. M. Arant to ship him cotton grown on leased land, or cotton upon which plaintiff had a lien, as alleged.   3.  Because the evidence shows that if plaintiff ever had a landlord's lien for rent on any cotton shipped to defendant in 1894, he voluntarily abandoned such lien and waived his right thereto, and as against this defendant his conduct and laches estop him from the assertion of such claim.   Fitzsimons & Moffett, respondent's attorneys."   Rule XVIII. of the Circuit Court is as follows:  "* * * A motion for a nonsuit must be reduced to writing by the moving counsel or by the stenographer, under the direction of the Court, stating the grounds of the motion."   These grounds were not stated in the motion for nonsuit, and have not been passed upon by the Circuit Judge.   The rule has not been complied with, and these additional grounds can not be considered.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE JONES is of opinion that the first exception should also be sustained.