## YOUMANS v. MOORE.

TORT—PARTNERSHIP.—If a member of one firm with notice of plaintiff's lien on tenant's cotton induce the tenant to sell the cotton to another firm of which he was also a member, and to apply the purchase money to a debt due the first firm, it would be a participant in the tort and liable for the cotton.

Before PURDY, J., Hampton, October, 1903. Affirmed.

Action by Julia E. Youmans against Moore & Barnes. From judgment below, defendants appeal.

*Messrs. Elliott & Thomas,* for appellants, cite: *Recipient of proceeds of lien cotton is not liable for damages to lienor:* 1 Bail., 237; 14 S. C., 35; 15 S. C., 548; 43 S. C., 459; 45 S. C., 642; 53 S. C., 132. *Effects of admission of new member in a partnership:* 22 Ency., 206; Par. on Part., 407.

*Messrs. B. R. Hiers* and *E. F. Warren* and *Julius P. Youmans,* contra.

July 2, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action is for the recovery of the value of a bale of cotton which plaintiff alleges the defendants, Moore & Barnes, bought from her tenant, William Priester, with notice that the cotton was subject to her lien for rent. Judgment was demanded for sixty dollars, the value of the cotton, and two hundred dollars vindictive damages. The jury found a verdict for forty dollars for the plaintiff, and defendants appeal.

In the first and second exceptions the defendants submit the presiding Judge erred in refusing to charge the jury: "That if the jury find that Moore, Barnes & Co. bought the bale of cotton in dispute, then Moore & Barnes would not be liable for same, Moore, Barnes & Co. being one firm and Moore & Barnes being another, each distinct and separate from the other." This request was refused on the ground that it would be a charge on the facts. Under the peculiar facts of the case, this view of the Circuit Judge was correct. The tenant, William Priester, had obtained from Moore & Barnes an advance of forty dollars under an agricultural lien. The new firm of Moore, Barnes & Co. in June of the same year had succeeded to the business of Moore & Barnes, but did not purchase the lien debt of Priester. Mrs. Barnes was a member of both firms and there was testimony to the effect that her husband was manager of the business of both. There was testimony tending to prove that at the instance of Barnes, the manager, Priester, plaintiff's tenant, was urged to deliver cotton to pay his debt to the old firm of Moore & Barnes. The tenant testified that he did deliver and sell the bale of cotton to Barnes for the old firm in payment of his debt. The purchase money was $42.97, of which $40.12 was applied in full payment of the debt and the remainder, $2.85, paid to the tenant. It is true, there was testimony to the effect that the cotton was purchased by Moore, Barnes & Co., and not by the defendants, Moore & Barnes, but the testimony also tended to show

that the cotton was delivered by the tenant and received by Barnes for the account of Moore & Barnes, that firm taking the actual benefit of the transaction.

If the defendants, with notice of the plaintiff's lien, had the tenant to deliver the cotton to the purchasers, Moore, Barnes & Co., received the purchase money, and applied it to their own debt, they would be most active participants in the wrongful disposition of the cotton, and would be liable. Hence we think the Circuit Judge was right in refusing to charge that the defendants would not be liable unless they actually purchased the cotton. Under the principle stated in *Heath* v. *Haile,* 45 S. C., 642, 24 S. E., 400, and *Graham* v. *Seignious,* 53 S. C., 132, 31 S. E., 51, the inquiry is not to be narrowed to the question whether the defendants were the purchasers. The first and second exceptions must be overruled.

The third exception alleges error in refusing the same request, because such refusal left the jury without instructions as to whether those who bought the cotton or those who received the proceeds would be liable. No request was made for the Circuit Judge to make such a distinction more definitely, and hence the exception cannot be sustained.

The views above expressed dispose also of the exceptions charging error in the denial of the motion for a new trial, made on the ground that the verdict had nothing to support it, there being no evidence that the defendants purchased the cotton. There was, in fact, much positive evidence that the sale was made to the defendants, but assuming that there was no such evidence and giving the fullest effect to the admission of plaintiff's counsel that "Moore, Barnes & Co. bought the cotton and not Moore & Barnes, but that the money was applied to the account of Moore & Barnes," there was no error of law in refusing the new trial, because there was evidence that the defendants procured the delivery of the cotton to the purchaser and received the purchase money to the amount of the verdict, and thus participated in the tort, with

notice of plaintiff's lien. The fourth and fifth exceptions are, therefore, overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.