## LINK v. BARKSDALE.

AGRICULTURAL LIEN—MONEY HAD AND RECEIVED.—When a party takes the proceeds of cotton on which there is an agricultural lien, with knowledge of the lien or of such facts, which, pursued, would have disclosed the fact, the lessee may sue him for money had and received for his use and benefit.

*Steinberger* v. *McSwain,* 14 S. C., 38; *Kennedy* v. *Reaves,* 15 S. C., 549; *Nicholson* v. *All,* 43 S. C., 459; *Graham* v. *Seignious,* 53 S. C., 132; *Youmans* v. *Moore,* 69 S. C., 350, *distinguished from this.*

Before TOWNSEND, J., Abbeville, June, 1904.    Reversed.

Action by M. J. Link against W. D. Barksdale. From Circuit order reversing magistrate judgment, plaintiff appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *Party selling cotton on which there is a lien and retaining proceeds after instruction to apply, is liable to action for money had and received:* 35 S. C., 187; 43 S. C., 459; 53 S. C., 132; 69 S. C., 350; 59 S. C., 86.

*Mr. Wm. P. Greene,* contra, cites: *The contention of appellant is not supported by our cases, but his remedy is to seize the cotton:* 14 S. C., 38; 1 Bail., 237; 15 S. C., 549; 43 S. C., 49; 53 S. C., 132.

February 16, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The appeal in this case is from an order of the Circuit Court reversing a judgment on verdict in the magistrate court.    The summons in the magistrate court contained this statement as to the cause of action: "Complaint having been made unto me by M. J. Link that you are indebted to him in the sum of $24.98, the proceeds of 225 pounds of lint cotton, worth 11 1-16 cents per pound, on which plaintiff had a lien, by reason of having rented land to Jim Ed, for the year 1903, you well knowing at the time

you received said money that it was the property of the plaintiff, and had and received by you for the use and benefit of plaintiff."

The undisputed facts are these: M. J. Link rented to James Edwards, known as Jim Ed, for the year 1903, about five acres of land for 225 pounds of lint cotton. The same year, J. D. McGaw rented land to Alexander Edwards, the father of James Edwards, for 300 pounds of lint cotton. Just before Christmas of that year, Alexander and James Edwards had a bale of cotton weighing 648 pounds, made up from cotton grown on McGaw's lands by Alexander Edwards and cotton grown on Link's lands by James Edwards. It was turned over to J. D. McGaw to sell and get his rent. At the same time, McGaw was notified by James Edwards that a part of the bale was his and was raised on Link's land. Mr. McGaw sold the cotton to Mr. Quarles for 11 1-16 cents per pound. Mr. Quarles, having an arrangement with defendant, Barksdale, under which Barksdale paid for the cotton bought by Quarles, and he and Quarles had settlement therefor at the close of each day. Quarles sent McGaw to Barksdale with the cotton bill, containing the weight of cotton and price for payment. Barksdale paid McGaw the value of 300 pounds as his rent, and credited the balance upon an account which he held against Alexander Edwards on an agricultural lien for supplies. Mr. Barksdale admits that, about one-half hour after this settlement, he was notified of the fact that James Edwards claimed part of the cotton, and wanted the money to pay Mr. Link his rent; but McGaw was positive that he told Mr. Barksdale before the sale that he was informed that a part of the cotton was raised on Link's land, and belonged to James Edwards. Link demanded of Barksdale the value of 225 pounds at 11 1-16 cents per pound, and, being refused, brought this suit.

The jury in the magistrate court found for plaintiff; but on appeal, the judgment thereon was reversed by the Circuit

Court, on the sole ground that the magistrate erred in instructing the jury as follows: "That if the jury find from the testimony, that the defendant received the proceeds of cotton upon which plaintiff had a lien, and that he had knowledge of such lien, or knowledge of such facts, as properly followed up, would have led to knowledge of such lien, then the jury must find for the plaintiff."

The Circuit Court further held that plaintiff's remedy was to follow the cotton, if it can be found; if not, then his remedy was to sue the party who deprived him of such security. Barksdale's relation with Quarles, the purchaser of the cotton, was such as to make it his duty to pay the proceeds of the cotton to those entitled to receive it. James Edwards being entitled to receive the value of 225 pounds thereof, and having, in effect, directed its payment to Link in discharge of his lien as landlord, Barksdale was bound to so apply it, since he did not show any ground whatever, in justice or equity, why he should retain the money.

This case does not fall within the rule declared in *Steinberger* v. *McSwain,* 14 S. C., 38, and *Kennedy* v. *Reams,* 15 S. C., 549, because plaintiff is not seeking to enforce an agricultural lien. Nor does it fall strictly within the rule in *Michalson* v. *All,* 43 S. C., 459, 21 S. E., 323; *Graham* v. *Seignious,* 53 S. C., 132, 31 S. E., 51; *Youmans* v. *Moore,* 69 S. C., 350; *Parks* v. *Laurens Cotton Mills, ante,* 274; as the plaintiff is not seeking to recover damages for destruction or impairment of his security by defendant. But the case falls within the principles applied in *Drake* v. *Whaley,* 35 S. C., 187, and *Madden* v. *Watts,* 59 S. C., 86; as this is an action for money had and received under circumstances, where the law creates privity and promise to pay. It was, therefore, error to reverse the judgment of the magistrate court upon the ground stated.

The judgment of the Circuit Court is reversed.