### 8154

### BINGHAM v. HARBY & CO.

DAMAGES.—A JUNIOR CHATTEL MORTGAGEE after condition broken seizing and selling the chattel is liable to a senior mortgagee, whose mortgage was duly recorded, for the damages he sustains by the impairment of his security, whether the junior mortgagee had *actual* notice of the senior mortgage or not.
*Graham* v. *Seignious*, 53 S. C. 132, *distinguished from this case.*
MR. JUSTICE WATTS *dissents.*

Before DEVORE, J., Sumter, March, 1911.    Reversed.

Action by R. H. Bingham against Harby & Co.    Plaintiff appeals.

Plaintiff's mortgage was executed February 14, 1910, and recorded February 18, 1910.    Defendant's mortgage was executed March 17, 1910, and recorded March 25, 1910.

*Mr. L. D. Jennings,* for appellant, cites: 28 Ency. 667: 3 Brev. 68; 2 Hill 256; 26 S. C. 110; 15 S. C. 552.

*Messrs. Lee & Moise,* contra, cite: 15 S. C. 548; 69 S. C. 351; 70 S. C. 487, 275.

March 26, 1912.    The opinion of the Court was delivered by

. MR. CHIEF JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful act of the defendant in seizing and converting to his own use, the proceeds of two bales of cotton, which he had sold and placed beyond the reach of the plaintiff, under a mortgage, subsequent to a mortgage in favor of the plaintiff, covering said property which was duly recorded.

It appears that on the 14th of February, 1910, the plaintiff entered into an agreement with Aaron Sumter, who was then indebted to him in the sum of $79, whereby it was agreed, that the plaintiff would make advances to Aaron Sumter during that year, to enable him to make a crop on his own land, which advances were made by the plaintiff. That in order to secure the indebtedness of $79 and the said advances, Aaron Sumter executed to the plaintiff, a mortgage on all crops to be raised on said land during the year 1910, which was recorded on the 18th day of February, 1910. At the time of the said seizure, the condition of this mortgage had been broken.

His Honor, the presiding Judge, directed the jury to render a verdict in favor of the defendant, on the ground that he was not liable, unless he had actual notice of the plaintiff's mortgage, of which fact, there was no evidence, whereupon the plaintiff appealed.

The practical question raised by this appeal is, whether there was error on the part of his Honor, the presiding Judge, in applying the principle recognized in the case of *Graham* v. *Seignious,* 53 S. C. 132, 31 S. E. 51, to the facts of the case under consideration. In that case the Court said: "If the defendant received and disposed of the cotton mentioned in the complaint, having *actual* notice of the plaintiff's prior lien for rent, then he became liable, not for the value of the cotton or its proceeds, but for the damages which the plaintiff sustained, by reason of the impairment of the security, which the plaintiff had, for enforcing payment of his lien for rent." There are, however, material differ-

ences, between an agricultural lien and a chattel mortgage, which are pointed out in the case of *Sternberger* v. *McSween,* 14 S. C. 35, as follows: "One who attempts to enforce his rights under a lien, which is the creature of statute, must confine himself to the remedy furnished by the statute. The right derived is solely from the statute, and the remedy resorted to, must be that furnished by the statute. The attempt to invest an agricultural lien with the qualities of a chattel mortgage, is an attempt to incorporate into the statute provisions which the legislature, has not seen fit to adopt, for certainly, if that body had designed to give an agricultural lien, the qualities of a chattel mortgage, it would have been very easy to have said so. On the contrary, however, the agreement provided for by the statute, which creates the lien, lacks one of the qualities of a chattel mortgage, which has been held (*Green* v. *Jacobs,* 5 S. C. 283), to be essential to invest the mortgagee, with the right to the possession of the property, in that it does not contemplate any provision whatever, for the transfer of title; and, as we have seen, the remedy provided by the statute, manifestly contemplates no change in the title, but on the other hand, presupposes the continuance of the title in the lienor, subject, however, to the lien, until it is transferred by the execution of the process of the law; just as in the case of property, covered by the lien of a judgment or execution, the title of the property remains in the judgment debtor, until it is transferred by a sale under process of law, and one who purchases from the judgment debtor, takes subject to the lien, which follows the property into whosoever hands it may go; but the purchaser, after he has disposed of it, can not be made liable for the value of the property or for the proceeds of its sale." This language is quoted with approval in the case of *Kennedy* v. *Reames,* 15 S. C. 548.

The language hereinbefore quoted from *Graham* v. *Seignious,* 53 S. C. 132, 31 S. E. 51, was used for the purpose of showing, that although a person wrongfully disposing of

property, covered by an agricultural lien, would not be liable for the value of the property, or for the proceeds of its sale, he would nevertheless be liable, for the damages which the plaintiff sustained, by reason of the impairment of the security he had, for enforcing payment of his lien. The question now under consideration was not involved in that case.

In the case of *Williams* v. *Dobson,* 26 S. C. 110, 1 S. E. 421, a creditor recovered judgment against his debtor, who subsequently executed mortgages on certain chattels to a third party, which were duly recorded. Thereafter the judgment creditor caused the mortgaged property to be seized and sold under execution, whereupon the mortgagee brought an action, against the judgment creditor and the constable. Judgment was in favor of the plaintiff, and on appeal this Court said: "There is no doubt, that after condition broken in a mortgage of personal property, the title to said property, becomes vested in the mortgagee. * * * It is not denied here, that the condition of plaintiff's mortgages had been broken, before the levy and sale. The mortgages were on record. The defendants, then, must have known, when the levy and seizure of the property was made, that they were seizing the property of plaintiff, instead of the execution debtor, and that they were invading the plaintiff's rights.

"True, the plaintiff's title to the mortgaged property, was not divested by the sale, and he might have followed it in the possession of the purchaser, but we do not know that he was bound to do so.

"The defendants are the parties who committed the injury of which he complains, and he is certainly entitled to recover of them, to the extent of that injury."

The principle is thus stated in the case of *Harris* v. *Saunders,* reported as a note in 2 Strob. Eq. 370: "The argument is. that inasmuch as the defendant. was not aware of the plaintiff's title, he is not liable after the sale. It is not

denied that he would be liable, if he had retained the property and refused to give it up.' Can the sale make any difference, when he thereby made property of it, and has the proceeds in his pocket? The sale was an act by which the plaintiff was wholly deprived of his property, and it was not the less his property, because the defendant was not aware of his title, and purchased from another."

This language is quoted with approval in *Ladson* v. *Mostouwitz*, 45 S. C. 388, 23 S. E. 49, and in the concurring opinion, in *Holliday* v. *Poston*, 60 S. C. 103, 38 S. E. 449.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.

Mr. Justice Watts, *dissenting.* I dissent to the opinion of the Court. The first exception alleges error in holding that there was no evidence to show that the defendant had actual notice of the rights of the plaintiff. A careful examination of the testimony satisfies me that there was no testimony to go to the jury which would warrant them in inferring that the defendant had any notice of the existence of plaintiff's mortgage until after he had sold the cotton and parted with the possession of it, and no testimony by which the jury could infer that the defendant had such notice that would put him on guard and make some inquiry, but on the contrary, the only conclusion that could be arrived from the testimony was that defendant, when he sold the cotton, had no knowledge or notice whatsoever of plaintiff's mortgage, and did not have such knowledge or notice until some time after he had sold the cotton in due course of business. "That he had no knowledge of the existence of the mortgage of plaintiff or of such facts which pursued would have disclosed the fact."

The other exceptions question the Court's ruling in not holding that the recording of plaintiff's mortgage within the time prescribed by law was sufficient notice to defendant,

and that after condition broken the defendant by seizing the property covered by mortgage and selling and converting it to his own use under a junior mortgage, was liable in damages. That after the condition of plaintiff's mortgage was broken title vested in plaintiff. The exceptions should be overruled, as the testimony shows defendant had no actual notice of the existence of plaintiff's mortgage when he sold the cotton. It is true that plaintiff's mortgage is on record, but that is not sufficient. Defendant must have *actual* notice or knowledge of such facts as would put him on inquiry, and if pursued would have disclosed such facts before he sold the cotton to be made liable. *Graham* v. *Seignious,* 53 S. C. 137, 31 S. E. 51; *Link* v. *Barkesdale,* 70 S. C. 487, 50 S. E. 189.

While it is the law that the recording of a mortgage in the county that the mortgagor resides in is constructive notice to the world, and would entitle the holder of the mortgage after condition broken, to seize the mortgaged property wheresoever found, this only gives the right to seize the mortgaged property, and does not give the holder of the mortgage the right to recover from anyone who has innocently purchased and disposed of the property without knowledge or notice of the existence of the mortgage, or notice of such facts as should put him on inquiry. There is no doubt but the plaintiff here could have recovered from the defendant the property while in his possession, but I do not think, under the facts as testified to, that he can recover for a conversion. I do not think there is any difference between the lien of a chattel mortgage and a lien on crops, except as to manner of enforcement provided by law. Both as to crops are created by statute. I think the Circuit Judge was right.