## 8565

### HARBY & CO. v. BYERS LUMBER CO.

CLAIM AND DELIVERY—ISSUES.—Where a defendant in a claim and delivery suit did not in the first instance obtain the possession of the property in question wrongfully, it is necessary to allege and prove demand before suit, and whether demand was made is usually for the jury.

Before SPAIN, J., Hampton, February, 1913. Affirmed.

Action by Hardy & Co. against Byers Lumber Co. Plaintiff appeals.

*Mr. J. W. Vincent,* for appellant, cites: *Demand not necessary in many instances:* 25 Am. Dec. 258; 91 Am. Dec. 428; 81 Am. Dec. 795; 23 Ark. 417; 21 Miss. 269; 21 Mo. App. 443; 24 Ia. 322; 62 N. W. 413; 12 Pac. 434; 17 N. W. 268; 20 So. 536. *Verdict is in conflict with the charge:* 68 S. C. 523.

*Messrs. Warren & Warren,* contra.

May 29, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The record contains the following statement of facts:

"This is an action in claim and delivery brought by the plaintiff by the service of a summons, complaint, affidavit and bond, in the usual form, to recover possession of certain chattels from the defendants. The plaintiff claims the property under a chattel mortgage given by the Osceola Lumber Company to plaintiff, to secure the purchase money of the property, which chattel mortgage was duly recorded in the office of clerk of Court for Barnwell county, within the time allowed by law. The case came on for trial before Judge T. H. Spain and a jury, which trial resulted

in a verdict for the defendants. Before adjournment of Court, counsel for plaintiff made a motion for a new trial, on the grounds that his Honor had erred in submitting to the jury, an issue as to whether a demand had been made or not, the plaintiff's counsel taking the position, that no demand was necessary in this case; and also on the ground, that the jury had disregarded the charge given them by the Court. This motion was refused and judgment was duly entered on the verdict. From this judgment notice of intention to appeal to this Court was duly served and filed."

We will first consider the exceptions raising the question, whether his Honor, the presiding Judge, erred in submitting to the jury, the issue as to a demand—appellant's counsel taking the position that no demand was necessary.

The complaint alleges "that the defendants are in possession of the said personal property, and wrongfully detain the same from the plaintiff, although demand has been duly made upon the defendants, for the return of the said property."

The defendant set up as a defense "that a part of the property described in the complaint, or some property answering the description therein contained, is in possession of these defendants, having been purchased in the open market for value, from the person having control of the same, without notice of the plaintiff's claim thereto,. or any part thereof."

It was admitted upon the trial of the case, that if John Hart, former secretary of the Osceola Lumber Company, and a witness for the defendant, had been present he would have testified that the plaintiff, H. J. Harby & Company, authorized him to sell the property in question for four hundred dollars.

It will be observed, that the complaint does not allege that the defendant took wrongful possession of the property, but that the defendant wrongfully detained it,

although demand was made by the plaintiff for the return thereof. It will also be observed, that the testimony of John Hart tends to show that the possession of the property by the defendant, in the first instance, was not wrongful.

Under these circumstances, his Honor, the presiding Judge, properly submitted to the jury the issue as to a demand for the return of the property.

*Ladson* v. *Moslowitz,* 45 S. C. 388; concurring opinion in *Holliday* v. *Poston,* 60 S. C. 103, cited with approval in *Bingham* v. *Harby & Co.,* 91 S. C. 121.

These views also show that the exceptions raising the question, whether the jury disregarded the charge of his Honor, the presiding Judge, can not be sustained.

Judgment affirmed.