## 9049

### BROWN & STRIBLING v. RANKIN *ET AL.*

#### (84 S. E. 1001.)

##### CHATTEL MORTGAGES. RECORDING. NOTICE.

1. CHATTEL MORTGAGES — RECORDING — NOTICE. — When a mortgagee records a chattel mortgage in the county in which the mortgagor resides at the time it is made and delivered it is constructive notice to the world, and the mortgagee may pursue the property, though mortgagor transfer it to another, while all persons, whether they discover the mortgage or not, are charged with notice.

2. CHATTEL MORTGAGES — RECORDING — NOTICE — EVIDENCE. — Testimony that a subsequent purchaser, having only constructive notice of a chattel mortgage given by a former owner of personal property, searched the records to ascertain whether a third person, in whose possession the property was found, had given a mortgage upon this property, is irrelevant in an action by the first mortgagee to recover the property.

3. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.—In a suit for mortgaged mules, the evidence without dispute showed that they were sold to the mortgagor, the sellers and mortgagees reserving a chattel mortgage for the balance of the purchase price. *Held,* that the instructions, based on the hypothesis of a sale by the mortgagees to a person other than the mortgagor, which declared that in such case the mortgage would not be constructive notice, were improper and prejudicial.

Before WILSON, J., Walhalla, March, 1914.    Reversed.

Action by William M. Brown and Wm. J. Stribling, as partners under the style and firm name of Brown & Stribling, plaintiffs, against John J. Rankin and C. L. Angel, defendants. From a judgment for defendants, plaintiffs appeal. The facts are stated in the opinion.

*Mr. E. L. Herndon,* for appellant, cites: 77 S. C. 420, 426. *As to estoppel:* 96 S. C. 120, 123; 11 Ency. 425. *Charge prejudicial:* 62 S. C. 17.

*Mr. R. T. Jaynes,* for respondent, submits: *Plaintiffs estopped to deny that Richardson was purchaser and had*

*title:* 22 S. C. 550; Big. Estop. 434; 16 Cyc. 764. *Record as notice:* Civil Code 3542 and 3461; 31 S. C. 147; 6 Cyc. 1085; 101 U. S. 731; 15 S. C. 91.

April 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiffs against the defendants for the wrongful and wilful taking possession of and selling and converting two mules, alleged to be the property of the plaintiffs under a chattel mortgage made by C. L. Angel to the plaintiffs. Plaintiffs seek to recover possession of the mules or the alleged value thereof, $450.00, and for damages in the event a delivery cannot be had. Angel did not answer. The defendant, Rankin, by his answer interposes a general denial, and alleges that Angel did not purchase from plaintiffs the mules described in the chattel mortgage, and that the sale was pretensive, null and void, and the notes and mortgage executed by Angel to plaintiffs were without consideration, and the mules were never delivered to Angel, but were really the property of one S. L. Richardson, from whom he purchased the mules without any notice or knowledge of plaintiffs' claim, and alleges that the description in the mortgage was indefinite and insufficient, and claims that he tendered the mules to plaintiffs before commencement of the action, and that plaintiffs by their conduct are estopped from now asserting their claim.

The case was tried by Judge Wilson and a jury, at the March term of Court, 1914, for Oconee county, and resulted in a verdict in favor of the defendants. After entry of judgment, plaintiffs appeal and by twelve exceptions seek reversal.

The first exception questions the ruling of the Circuit Judge in allowing C. R. D. Burns, Esq., to testify that he searched the records for a chattel mortgage by S. L. Rich-

ardson, and the refusal of Circuit Judge to strike out or exclude this evidence. There was undisputed evidence that Angel executed and delivered to the plaintiffs a chattel mortgage, and there was evidence that the mules sued for were embraced and described therein, and that these mules were delivered to Angel, and that this mortgage was duly recorded in Oconee county, wherein Angel duly resided at that time. When the plaintiffs recorded this mortgage in the proper county it was constructive notice to the whole world and they did all that the law required them to do, and whosoever took possession of the property after that time took it subject to this mortgage, as was said by Mr. Justice Gary (now Chief Justice) in *Grafton* v. *Patrick,* 77 S. C. 420-426, 58 S. E. 1: "After the plaintiff placed his mortgage on record he did not owe any further duty to persons having dealings concerning the horse other than not to mislead them by his conduct. He did not owe them the duty of giving them that information which the record of the mortgage disclosed and the testimony does not show that he failed in any other duty." This principle of law is settled beyond dispute in the clear and lucid opinion of Chief Justice Gary in the case of *Bingham* v. *Harby & Co.* and cases therein cited, 91 S. C. 122, 74 S. E. 369. So it did not make any difference if Richardson was in possession of the property in dispute and if the defendant did not know of the existence of the mortgage given by Angel to the plaintiffs, if such mortgage was in existence and duly recorded and was given by Angel for the purchase price of the mules, whoever got possession of the property acquired it subject to the duly recorded mortgage of the plaintiffs, and plaintiffs would be entitled to follow the property itself or recover the value thereof.

The fact that the defendant found no record of mortgage against Richardson cannot avail him as a defense against a mortgage given by Angel and the admission of the evidence complained of was harmful and prejudicial and this exception must be sustained.

The exceptions in the case cover eight pages of printed matter and are twelve in number and need not be considered separately, but the eighth and ninth exceptions, which are as follows: 8. For that it was error on the part of the Circuit Judge to charge defendants' first request, as follows: "That if the jury find the mules in dispute were sold by plaintiffs to S. L. Richardson and failed to take a chattel mortgage on said mules from S. L. Richardson and have such chattel mortgage duly recorded in the clerk's office of Oconee county, then and in such event a purchaser from S. L. Richardson, for value and without notice, would acquire a valid and legal title to said mules. For the reason that there was no evidence showing the sale of the said mules to S. L. Richardson, but on the other hand the uncontradicted evidence showed that the mules were sold to the defendant, C. L. Angel, by the plaintiffs, and a chattel mortgage by the defendant, C. L. Angel, was immediately made to plaintiffs to secure the balance of the purchase price therefor, and duly recorded, and that the said S. L. Richardson was present and endorsed the notes of the defendant, C. L. Angel, therefor, and had full knowledge that plaintiffs were parting with their property, in consideration of the security of the said notes and chattel mortgage, and said charge was inapplicable and tended to confuse the jury, and was highly prejudicial to the plaintiffs." 9. For that it was error on the part of the Circuit Judge to charge defendants' 11th request, as follows: "That a sale of personal property to John Doe, and the taking and recording of a chattel mortgage from Richard Roe on such property would not constitute constructive or statutory notice as against subsequent purchasers for value and without notice from John Doe, the legal owner.' For the reason that the uncontradicted evidence shows that the sale of the mules in dispute was made to the defendant, C. L. Angel, and that the chattel mortgage of plaintiffs was immediately executed to plaintiffs by the said C. L. Angel for the balance of the purchase price there-

for, and said mortgage was duly recorded, and that plaintiffs parted with the possession of their property in consideration of security of the said chattel mortgage and the notes of said C. L. Angel, endorsed by S. L. Richardson, and said charge was inapplicable and tended to confuse the jury, and was highly prejudicial to plaintiffs," must be sustained for the reason given in the authorities quoted in sustaining exception one.

Judgment reversed and new trial granted.