## 9241

### MALCOLM MERCANTILE CO. v. BRITT.

#### (87 S. E. 143.)

AGRICULTURE—SHARE CROPPERS—MORTGAGES—CLAIM AND DELIVERY.—A mortgagee of a tenant's interest in a share crop, even after condition broken, is not entitled to the exclusive possession of, nor the owner of any particular part of the crop, until after division made, and cannot maintain an action of claim and delivery for its recovery or its value, but must enforce his lien thereon by an action on the equity side of the Court.

MR. CHIEF JUSTICE GARY *dissents.*

Before MOORE, J., Dillon, February, 1915.    Reversed.

Action by Malcolm Mercantile Company against John D. Britt.    From an order refusing to vacate an order of arrest, defendant appeals.

The facts are stated in the Circuit order as follows:

The above entitled matter came on to be heard before me in open Court, at Dillon, upon motion of defendant to vacate an order of arrest issued by the clerk of Court for the county of Dillon, upon a verified complaint in claim and delivery proceedings and upon affidavits.    The motion is based on three grounds:

---

FOOTNOTE.—As to title of mortgagee of cropper on shares, see note in 19 L. R. A. 468.

1. That the suit is not one in which claim and delivery proceedings can be maintained for the reason that plaintiff seeks to recover an undivided crop, and the proper proceedings would be one on the equity side of the Court for accounting.

2. Upon the ground that the complaint not alleging fraud or such acts as bringing it under subdivision 2 of section 238 of the Code of Procedure, the order must be vacated.

3. Upon the ground that the case as made by the affidavits for plaintiff, and as rebutted by affidavits for defendant is not sufficient to sustain the arrest.

4. The first mentioned objection, if sustained, is sufficient to dispose of the case. The law seems to be well settled that claim and delivery proceedings can only be sustained as a general rule to recover specific property to which the plaintiff is entitled solely and exclusively, and this is the rule generally followed by our Court. The modern decisions, however, have made certain exceptions to this rule. Thus, in the case of commingled goods, where they are of the same nature and value, although the particular goods cannot be identified, yet if a division can be made of equal value, then each party may claim his aliquot part and enforce his right in such an account. 34 Cyc. 1359, and authorities. Again, the rule does not obtain where the property is alike in quality and value and is readily divisible by measure or weight. Another instance is where 'one of the joint or common owners repudiates the interest of the other in property susceptible of division, or takes possession of the common property and converts it to his own use. 34 Cyc. 2394, and authorities. Plaintiff contends, in the first instance, that the case in question falls under the last mentioned exception. The facts are in brief that the defendant had certain tenants working for shares of the crop upon certain premises in his possession; that in order to secure advances the tenants gave to the plaintiff a chattel mortgage on their interest in the crop, on which mortgage the defendant released his interest.

That the defendant, instead of permitting the tenants to turn over to the plaintiff their interest in the crops raised, took possession of all of the crops, and converted them to his own use without in any way or manner accounting to the plaintiff therefor. The action is one in claim and delivery seeking to recover the half of the crop belonging to plaintiff under the said mortgage.

The further contention is made on the part of the plaintiff that the defendant has received his share of the crop, and plaintiff seeks only to recover a number of bales of cotton belonging to it and in which the defendant has no interest. The theory of this contention is that the defendant, having released the interest of the tenants, and the mortgage being past due, the legal as well as the equitable title to the cotton in question vested in the plaintiff, and it had a right to recover same, and the defendant's conversion thereof was wrong. In other words, that the plaintiff had a right to a division of the cotton before the same was disposed of by the defendant, and he having removed the property in which he had released any interest that he might have by reason of landlord, he is estopped from making the claim that the suit to recover possession thereof cannot be maintained. After a review of the authorities, I am satisfied that each of the contentions above mentioned is correct, and accepting allegations made in the complaint as true, which must be done for the purpose of the determination of this question, the suit can be maintained. *Schulenberg* v. *Harriman,* 21 Wallace 44; *Richardson* v. *Atlantic Coast Lumber Company,* 93 S. C. 254, 75 S. E. 371.

The case last cited establishes the proposition that title cannot be created by estoppel, and the defendant in this case, by his acts, having caused the plaintiff to invest his money in defendant's own place, and having received the benefit thereof, should not now be permitted to defeat the plaintiff's only remedy for collecting its debt.

As to the second proposition, the defendant conceded that the affidavits state sufficient ground for arrest, but contends that the same should be set aside upon the ground that the complaint does not allege fraud, and, hence, does not come under the provision of the statute permitting arrests in civil actions.  This contention cannot be sustained, as is held in a number of cases, all causes of action covered by the above provisions naturally fall into two classes: First, those in which fraud is of the essence of the cause of action; second, those in which the arrest is permitted for some act extrinsic to the cause of action.  In the latter it is not necessary for the complaint to allege the grounds of arrest.  *Bank* v. *Jennings,* 38 S. C. 372, 17 S. E. 16, and *Bank* v. *Buryee,* 74 New York 491.  The case in question falls under the second class above mentioned, and it is not necessary that the complaint should set forth the grounds of arrest. * * *"

*Mr. Joe P. Lane,* for appellant, cites: *Defendant entitled to exclusive possession of crop until division made:* 20 S. C. 1; 20 S. C. 6; 52 S. C. 580; 70 S. C. 392; 40 S. C. 511; 1 Hill, 364.  After condition broken tenant's mortgagee *became joint owner with landlord:* 56 S. C. 302; 87 S. C. 370.  *Claim and delivery not applicable:* 70 S. C. 547; 30 S. C. 328; 37 L. R. A. (N. S.) 267.  *Release:* Civil Code, sec. 4162.  *Allegations do not authorize arrest:* 10 L. R. A. (N. S.) 362; 38 S. C. 375.

*Messrs. Gibson & Muller,* for respondent.

November 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The principle laid down by the Circuit Judge is not applicable, either to the allegations of the complaint or proof in the case.  There is no allegation or proof that the bales of cotton are of same weight or grade, and each bale would sell

at the same price, or that they can be divided in kind between the parties according to their respective interest therein; and if these are not of the same weight, grade and kind, the sheriff cannot divide them and take only those that belong to the plaintiff. The action for claim and delivery should not have been brought, but the plaintiff's remedy was an action on the equity side of the Court. He had a plain and ample remedy there, he should have asked for an accounting, and if necessary, for an injunction and receiver. To hold otherwise would overrule *Neal* v. *Suber,* 56 S. C. 302, 33 S. E. 463, and *Mayfield* v. *Bessinger,* 87 S. C. 370, 69 S. E. 673. Britt was the owner of the entire crop on the premises and he had released not his interest in them, but had released what interest he had in the shares of his croppers only, and the plaintiff had a lien on the part of the cotton which was due the laborers for their hire in making the crop, and Britt was entitled to exclusive possession of the same until division had been made. A mere laborer for a share of the crop has no title to any part of said crop until after division is made. The plaintiff is not entitled to the exclusive possession of property sued for and only in such cases can an action for claim and delivery be maintained. *Clerks Benevolent Union* v. *Knights of Columbus,* 70 S. C. 547, 50 S. E. 206. The plaintiff's lien is on the share of the cropper, and a share cropper is not the owner of any particular part of the crop. The landlord owns the whole of the crop and is entitled to the exclusive possession of the same until after a division is made. While it may prove a hardship in this case, it would be more damaging to affirm the judgment of the Circuit Court, as by so doing it would overrule several well considered cases and the judgment should be reversed.

Judgment reversed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur in the opinion announced by MR. JUSTICE WATTS.

Mr. Chief Justice Gary, *dissenting.* This is an appeal from an order refusing a motion to set aside an order of arrest, issued by the clerk of Court against the defendant, upon affidavits and a verified complaint.

The complaint alleges, that the defendant employed certain tenants, to work the crops on lands in his possession during the year 1914, on shares; that in order to secure advances, the tenants executed a mortgage in favor of the plaintiff, on their shares of the crops, upon which mortgage the defendant released all his right, title, and interest, in and to the shares of the tenants; that the defendant, instead of permitting the tenants to deliver to the plaintiff their shares, took possession of all the crops, and wrongfully converted them to his own use, and upon demand refused to deliver to the plaintiff the shares of which he is owner, and to the immediate possession of which he is entitled.

The prayer of the complaint is for a return of the property in dispute or for the sum of six hundred and fifty dollars, the value thereof, in case a return can not be had.

The *affidavit* upon which the order of arrest was issued, alleges that the said crops were *fraudulently* concealed, removed or disposed of, so that they can not be found by the sheriff, and that said acts were done with intent to deprive the plaintiff of the benefit thereof.

The first question that will be considered, is whether there was error on the part of his Honor, the presiding Judge, in overruling the following ground upon which the motion was made, to vacate the order of arrest, to wit: That the *complaint* does not state facts sufficient to constitute a cause of action against the defendant, under subdivision 2, section 230 of the Code, as it does not allege fraud.

Section 230 of the Code provides that "the defendant may be arrested as hereinafter prescribed in the following cases: * * * 2. In an action to recover the possession of personal property fraudulently detained, or where the property or any part thereof, has been fraudulently concealed,

removed or disposed of, so that it can not be found or taken by the sheriff or constable, and with intent that it should not be so found or taken, or with intent to deprive the plaintiff of the benefit thereof."

Section 232 is as follows: "The order may be made where it shall appear to the proper officer, by the affidavit of the plaintiff, or of any other person, that a sufficient cause of action exists and that the case from the facts stated, is one of those mentioned in section 230."

His Honor, the Circuit Judge, states in his order, that the defendant conceded, that the affidavits contained sufficient grounds for the arrest, but that the order should be set aside on the ground that the complaint does not allege fraud.

The question under consideration is concluded by the case of *Bank* v. *Jennings,* 38 S. C. 372, 17 S. E. 16, in which the Court uses the following language, in discussing the section of the Code now numbered 230, to wit:

"The inquiry here is, whether the facts stated in the affidavits relied on, are sufficient to show that the appellant in this case has fraudulently misapplied money received by him, in a fiduciary capacity, or has been guilty of fraud in incurring the obligation for which the action is brought. For this purpose, we must look alone to the affidavits, as the complaint does not appear to have been verified, and can not, therefore, be considered as an affidavit, and can only be looked to for the purpose of ascertaining whether an action has been commenced, and what is the nature and object of such action."

The next question that will be considered, is whether there was error in refusing the motion to set aside the order of arrest, based upon the ground that the action is not one in which claim and delivery proceedings will lie, for the reason that the plaintiff seeks to recover an undivided crop; whereas, the proper proceeding is on the equity side of the Court for an accounting.

The authorities cited in the argument of the appellant's attorneys show, that as a general proposition, the landlord is the legal owner of the crops until a division thereof, even when there is an agreement, that the laborers shall receive a part of the crops in kind, as compensation for their services.

When the mortgages executed by the laborers in favor of the plaintiff were not paid at maturity, it (the plaintiff) became vested with the legal title, as between it and the laborers. The effect of the release by the plaintiff to the defendant, of all his interest in the laborers' shares of crops, was to estop him from disputing the fact, that the plaintiff had the legal title to those shares. The result of those transactions was that the plaintiff and defendant became joint legal owners of the crops.

There is nothing in section 230 of the Code, antagonistic to the general principle, that an action of claim and delivery, is not dependent upon the fact that the defendant should be in possession of the property when the action is commenced as an essential element of the cause of action. *Segars* v. *Segars*, 82 S. C. 196, 63 S. E. 891.

The case of *Reynolds* v. *Philips*, 72 S. C. 32, 51 S. E. 523, thus points out the characteristics of an action in claim and delivery:

"The statutory action of claim and delivery is practically a combination of the former actions of replevin and trover. Replevin was an action to recover the possession of specific chattels, together with damages for their unlawful detention. Trover was an action for damages arising out of the unlawful conversion of personal property. In so far as the plaintiff's action sought to recover the possession of the chattels, it partook of the nature of replevin; but in so far as it claimed the value of the property and damages it resembled the action of trover. The action of claim and delivery is even more assimilated to the action of trover, than to the action of replevin. *Tittle* v. *Kennedy*, 71 S. C. 1, 50 S. E. 544, 4 A. & E. Ann. Cas. 68.

The complaint, in effect, states two distinct causes of action though in the alternative. The dual nature of the action finds expression in the judgment which the plaintiff is entitled to recover, in such action. The alternative judgment for the value of the property, will be enforced as effectually as the judgment for the recovery of the possession of the chattel. *Archer* v. *Long,* 47 S. C. 556, 25 S. E. 84. The plaintiff has the right to elect whether he will bring his action to recover possession of the specific chattel, or for damages for the unlawful conversion. *Richey* v. *DuPre,* 20 S. C. 6. Not only is he entitled to exercise this right, before commencing his action, but he may make his election thereafter. The reason why the plaintiff is permitted to waive or withdraw one remedy and still recover upon the other, is because they are distinct and independent."

The prayer of the complaint forms no part of the cause of action, and it will not be dismissed if its allegations show that the plaintiff is entitled to any relief whatever,—either legal or equitable. *Parker & Co.* v. *Jacobs,* 14 S. C. 112; *Latham* v. *Harby,* 50 S. C. 428, 27 S. E. 862; *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114.

Even if the legal title was not in the plaintiff and the defendant jointly, nevertheless, the defendant would be liable for the conversion of the plaintiff's interest in the property to his own use.

The appellant's attorney relies upon the following language in the case of *Neal* v. *Suber,* 56 S. C. 298, 33 S. E. 463: "The parties to the contract, either were partners or joint owners of the crops. If they were partners the Court of equity was the appropriate tribunal for winding up and settling the dispute growing out of the partnership; and if they were joint owners of the crop, the Court of equity was likewise the proper forum, in which to seek partition thereof. The case was, therefore, properly triable by the Court, in the exercise of its equitable jurisdiction."

There is, however, a marked distinction between that and the present case, as the defendant herein rendered it impossible for the Court, in the exercise of its chancery powers, to make a division of the crops by wrongfully converting them to his own use.

This distinction is recognized in 34 Cyc. 1394, which states that the doctrine that one joint owner can not sustain replevin against his co-owner, does not obtain, where one repudiates the other's interest in property susceptible of division, or takes possession of the common property and converts it to his own use.

In the case of *Luther* v. *Arnold,* 42 S. C. L. (8 Rich.) 24, the docrine is announced that one tenant in common may resort to the action of replevin against his cotenant under whom he entered into possession of a part of the land held in common, under a contract to pay rent.

In the case of *Ledford* v. *Emerson* (N. C.), 52 S. E. 641, the Court recognized the principle, that one partner may bring an action of trover against the other, when the latter has destroyed the partnership property, or removed it entirely beyond the reach or control of the other partner.

When the defendant herein converted all the cotton received by him to his exclusive use, and refused to deliver to the plaintiff his proportionate part thereof, he invaded the legal rights of the plaintiff, and thereby became liable for damages. *Heath* v. *Haile,* 45 S. C. 642, 24 S. E. 300; *Graham* v. *Seignious,* 53 S. C. 132, 31 S. E. 51; *Youmans* v. *Moore,* 69 S. C. 350, 48 S. E. 283; *Bingham* v. *Harby & Co.,* 91 S. C. 121, 74 S. E. 369; *Link* v. *Barksdale,* 70 S. C. 487, 50 S. E. 189.

The case of *Reynolds* v. *Philips,* 72 S. C. 32, 51 S. E. 523, shows that the action of claim and delivery has superseded the action of trover, and is now the appropriate remedy where a person has invaded the property rights of another by wrongfully converting the property to his exclusive use.

For these reasons, I dissent.