9772

BROWN *ET AL.* v. RANKIN *ET AL.*

(93 S. E. 327.)

1. Chattel Mortgages — Fraud — Subsequent Purchaser. — A chattel mortgage fraudulently taken in name of third person as mortgagor to deceive public is void, and its record not notice to subsequent purchaser.

2. Appeal and Error—Remand—Right to Amend Pleading—Discretion of Court.—A motion to amend answer after reversal and remand, by alleging fraud which would be a defense is addressed to discretion of Court, refusal to exercise which is error.

3. Chattel Mortgages—Conversion of Property—Tender to Mortgagee.—Statement to mortgagee by one in possession of mortgaged mules, "If you are going to take those mules, take them now before I fatten them," without offer to surrender them, was not a tender.

4. Chattel Mortgages—Forfeiture of Lien—Delay in Foreclosure.— Holder of chattel mortgage cannot be required to enforce such lien at a time to be appointed by another on pain of forfeiture of lien.

5. Appeal and Error — Harmless Error — Matter Not Affecting Appellant.—Appeal from order requiring appellant to print whole record in violation of rule presents no question when respondent, by reason of reversal, must pay all costs of appeal.

Before Sease, J., Walhalla, July, 1915.    Reversed.

Action by William M. Brown and William J. Stribling, partners doing business as Brown & Stribling, against John J. Rankin and another.    From a judgment for plaintiffs, defendant, John J. Rankin, appeals.

*Mr. J. R. Earle,* for appellant, cites:    100 S. C. 371; 77 S. C. 420; 91 S. C. 122.

*Mr. E. L. Herndon,* for respondents, cites: *As to immaterial amendment:* 102 S. C. 326; 1 Enc. Pl. & Pr. 429. *Mortgagee's right to indulge debtor:* Civil Code, sec. 4108; 77 S. C. 420.    *Tender:* 38 Cyc. 137, 165, 166; 28 Enc. 15, 17.    *No estoppel:* 77 S. C. 420, 426; 91 S. C. 122; 100 S. C. 371; 104 S. C. 163; 96 S. C. 120, 123; 11 Cyc. 425.

July 19, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case has been to this Court before, and will be found in 100 S. C. 371, 84 S. E. 1001.    It is an action in claim and delivery.

The plaintiffs claim a right to the possession of two mules, by virtue of a mortgage by one C. L. Angel to the plaintiffs. The defendant bought the two mules in question from one Richardson.    In the first instance the defendant answered, claiming that Angel was not the real purchaser of the mules and had never had the possession of them, nor claimed to own them.    On the first trial the presiding Judge allowed the defendant to prove that the had searched the record for mortgages executed by Richardson, from whom defendant bought the mules, and this was held in this Court to have been error.    The second error alleged was in a charge that if the plaintiff in fact sold the mules to Richardson and not to Angel, then the record of the Angel mortgage was not notice to a subsequent purchaser for value.    The error alleged was that the charge was not applicable to the facts proven in the case.    This exception was sustained, and a new trial was ordered.

1. Before the second hearing, the defendant made a motion to amend its answer by setting up fraud, in that the mortgage was made by a secret agreement between Richardson, the mortgagees, Brown and Stribling, and the mortgagor, Angel, and was only pretensive and made with the purpose of allowing Richardson to deceive those with whom he dealt and conceal from the public that there was a mortgage covering the mules.    When this motion was made, Judge Sease was presiding and with that fairness and fearlessness that characterizes him, said:

"Court: Well, gentlemen, I will have to refuse the motion, and I will not put it as a matter of discretion, Mr. Earle; I will put you in a position so the other side can't say the Judge in his discretion refused it, but I put it on the ground that, even if it was true, every word of it in this case—I am talking as to this fraudulent agreement—even if that was true, every word of it, I hold, and for that reason I refuse, the motion to amend in that particular because it is absolutely no defense to the action. And I will not put it on the ground in my discretion that it comes too late. In other words, I want the road wide open for you to go to the Supreme Court, if you wish to do so."

From this refusal, the defendant has appealed. His Honor was mistaken in the ruling of this Court. The exceptions in the former case were not based on the idea that the ruling of the presiding Judge was bad law, but 1, 2 that the charge was not applicable to the undisputed facts, and, therefore, misleading. Fraud was not charged before, and the facts from which fraud could be inferred were not proven. If the plaintiffs, Richardson and Angel, had a secret agreement to deceive the public, and in pursuance of that agreement took the mortgage in the name of a third person, then the mortgage was void and its record not notice to subsequent purchasers. There are too many black mules and gray mules in the land to require a prospective purchaser to take notice of them all. It is true there can be no absolute protection for the purchaser of live stock, but human law affords protection to the honest mortgagee, but it does not extend protection to fraudulent mortgagees, and this Court did not so hold. The defendant had the right to move to amend and to submit that motion to the discretion of the Circuit Judge, and there was error in not exercising his discretion.

2. The other exceptions are based upon the idea that the defendant had proven tender. There was no evidence of tender. The defendant said to the mortgagee, "if you are

going to take those mules, take them now before I fatten them." That is not tender, and nothing like it. There was no offer to surrender the mules. We have been cited to no authority, and we know of none, that holds that a lienee can be required to enforce his lien at a time to be appointed by another, on pain of a forfeiture of his lien.

3. The appellant appeals from the order requiring him to print the whole record. This was a violation of the rule; but, inasmuch as the respondent must pay all the costs and disbursements of this appeal anyway, there is nothing further for this Court to do.

The judgment is reversed, and the case is remanded to the Circuit Court, with leave to the appellant to submit his motion to amend to the discretion of the presiding Judge.