## 9696

### DRIGGERS v. CANNON.

#### (92 S. E. 1049.)

1. APPEAL AND ERROR — REVIEW — PRESUMPTION — JUDGMENT OF INTERMEDIATE COURT.—Where the Circuit Judge dismissed appeal from the magistrate's Court without assigning reasons, it with be assumed that his action was based on meritorious grounds, if any such are disclosed by the record.

2. REPLEVIN—CLAIM AND DELIVERY—OWNERSHIP—FAILURE OF PROOF.— In action of claim and delivery, proof that plaintiff and defendant were joint owners of the property did not sustain allegation that plaintiff was the owner and entitled to the exclusive possession.

3. MAGISTRATES—EQUITY JURISDICTION—CLAIM AND DELIVERY.—Where proof showed that plaintiff and defendant in an action of claim and delivery were joint owners, their rights, equitable in nature, could not be administered in a magistrate's Court in view of Const., art. 5, sec. 21, providing that a magistrate's jurisdiction shall not extend to cases of chancery.

4. APPEAL AND ERROR—DISPOSITION OF CAUSE—PROTECTION OF EQUITABLE RIGHTS.—Where an action is legal in nature, but proof shows only that plaintiff is entitled to equitable relief, the appellate Court may make such order as in its discretion will protect such rights, and in such cases the complaint will not be dismissed, although the testimony failed to sustain its allegations.

5. APPEAL AND ERROR—DISPOSITION OF CAUSE—PROTECTION OF EQUITABLE RIGHTS—REVERSAL WITHOUT PREJUDICE.—On appeal from action of claim and delivery, where proof showed equitable, but not legal, rights in plaintiff regarding which the magistrate has no jurisdiction, such equitable rights will be protected by reversal of judgment and dismissal of complaint without prejudice to plaintiff's rights.

Before BOWMAN, J., Monck's Corner, June, 1916. Reversed.

Consolidated actions by Philip Driggers against J. I. Cannon. Judgments in magistrate's Court for plaintiff, and defendant appealed to Circuit Court, where appeal was dismissed, and defendant appeals.

*Mr. Lewis G. Fultz,* for appellant, cites: *As to jurisdiction:* 19 S. C. 218. *Necessity for plaintiff's right to possession:* 34 Cyc. 1303; 102 S. C. 499. *Share croppers:* 52 S.

C. 580; 18 S. C. 510; 56 S. C. 298; 102 S. C. 499. *Reduction of claim to give jurisdiction:* 43 S. C. 205; 105 S. C. 265. *Action equitable:* 102 S. C. 499; 56 S. C. 298.

*Mr. E. J. Dennis,* for respondent, cites: *As to jurisdiction:* 10 S. C. 460; 69 S. C. 279; 72 S. C. 489; 73 S. C. 276; 74 S. C. 367; 19 S. C. 220; 73 S. C. 295; 104 S. C. 75. *Review:* 19 S. C. 220; 74 S. C. 367; 10 S. C. 467; 14 S. C. 117.

June 28, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

These two actions in claim and delivery were commenced on the same day in a magistrate's Court, and by consent were tried together. In one of the complaints the plaintiff alleged that he was the owner and entitled to the exclusive possession of one bale of cotton of the value of $72.48, and that the said property is wrongfully withheld or detained by the defendant. The allegations in the other complaint are similar in every respect, except as to the property, which is described as 142 bushels of cotton seed, of the actual value of $100. The defendant by his answer denied these allegations. The record contains this statement: "Plea to the jurisdiction of the Court entered after jury had been selected." The grounds of objection to the jurisdiction of the Court appear only in the appellant's exceptions. The defendant made a motion for the direction of a verdict, on the ground that the plaintiff failed to show by any evidence that the defendant's possession was wrongful or unlawful.

The jury rendered a verdict for the plaintiff in both cases, and the defendant appealed to the Circuit Court. On hearing the appeals his Honor, the Circuit Judge, granted formal orders dismissing the appeals, without assigning any reasons for his conclusions, and the defendant appealed to this Court.

As his Honor, the Circuit Judge, dismissed the appeals, without assigning any reasons, and there is nothing in the record showing that he based his conclusions upon any of the propositions mentioned in the exceptions, we must assume that they were based on meritorious grounds, if any such are disclosed by the record. *Bagnal* v. *Express Co.,* 106 S. C. 395, 91 S. E. 334.

The uncontradicted testimony shows that the plaintiff and the defendant were partners or joint owners of the crops, as among themselves. Therefore there is a total failure to sustain the allegation of the complaint that the plaintiff is the owner and is entitled to the exclusive possession of the property. *Malcolm Mercantile Co.* v. *Britt,* 102 S. C. 499, 87 S. E. 143.

But their rights growing out of such relation are equitable in their nature, and cannot be administered in a magistrate's Court, for the reason that section 21, art. V, of the Constitution provides that the jurisdiction of magistrates shall not extend to cases of chancery. *Neal* v. *Suber,* 56 S. C. 298, 33 S. E. 463; *Mayfield* v. *Bessinger,* 87 S. C. 369, 69 S. E. 673.

When the action is legal in its nature, and there is a failure of testimony to sustain the allegations of the complaint, but there is evidence showing that the plaintiff is entitled to equitable relief, the complaint will not be dismissed; and the Court will make such an order as in its discretion may seem best in disposing of the plaintiff's equitable rights. *Parker* v. *Victoria Real Estate,* 105 S. C. 375, 89 S. E. 1068.

The complaints cannot be amended, so as to enable the magistrate to try the equitable rights of the plaintiff, for the reason, as already stated, that the jurisdiction of magistrates does not extend to cases in chancery. These equitable rights, however, will be protected by reversing said judgments, and dismissing the complaints, without prejudice to the right of the plaintiff to take such

other action as she may be advised in the premises, and it is so adjudged.