### 9815

#### RAINWATER ET AL. v. MERCHANTS & FARMERS BANK OF CHERAW.

(93 S. E. 770.)

1. APPEAL AND ERROR — APPEALABLE ORDERS — REFERENCE. — An order refusing a reference and allowing a jury trial is appealable, as is any order which deprives a party of a mode of trial to which he is entitled.

2. JURY—RIGHT TO JURY TRIAL—PLEADING—"ACTION FOR RECOVERY OF MONEY ONLY."—A complaint alleging that defendant has in his possession certain cotton belonging to plaintiff; that defendant has a mortgage on one-half of it and a claim for a certain amount against the other half, owing by plaintiff to another party, and that after taking that out there is a certain portion remaining; that, though plaintiff has demanded the same, the defendant "knowingly and wilfully retains possession, to the great damage and injury of the plaintiff;" and in the next paragraph alleging value of that portion, referring to it as the property "unlawfully and wilfully" held, and further setting up other actual and punitive damages for the "unlawful detention"—does not state a cause of action for the "recovery of money only" within the meaning of Code Civ. Proc. 1912, sec. 312, providing that such action must be tried by a jury, because it virtually demands also that certain property be applied on a debt owing by plaintiff.

3. REFERENCE—CONSTRUCTION OF STATUTE—RELATING TO SAME SUBJECT MATTER.—Code Civ. Proc. 1912, sec. 331, prescribing that references may be directed in certain cases, must be considered in connection with section 382, providing that certain facts must be tried by a jury.

4. CHATTEL MORTGAGES — BREACH OF CONDITION — TITLE. — Upon the breach of the condition in a chattel mortgage, the legal title to the property becomes vested in the mortgagee.

5. CHATTEL MORTGAGES—BREACH OF CONDITION—REDEMPTION—NATURE OF ACTION.—Where, after breach of a chattel mortgage, the mortgagee is in possession, the mortgagor cannot maintain an action, either for claim and delivery or for damages for detention, but must resort to an equitable action to redeem.

6. CHATTEL MORTGAGES—REDEMPTION—PAYMENT REQUIRED.—To redeem mortgaged personalty in the hands of the mortgagee the mortgagor must pay all debts he owes to mortgagee, as well as the mortgage debt.

7. JURY—RECOVERY OF MONEY ONLY.—Although a complaint may contain allegations appropriate to an action for the recovery of money only, nevertheless, if the plaintiff also seeks to subject specific property to the satisfaction of his claim, the action is equitable, and plaintiff is not entitled to a jury.

8. APPEAL AND ERROR—REVIEW—REFERENCE—DISCRETION OF COURT.—Although a motion for reference is ordinarily addressed to the discretion of the Court, an order granting or refusing a reference will be set aside, where the discretion was erroneously exercised.

9. REFERENCE—MOTION FOR—WHEN GRANTED.—It is error to refuse a reference, where the answer raises issues that cannot be determined without the aid of the Court in the exercise of its equitable jurisdiction.

Before DeVORE, J., Chesterfield, October, 1916. Reversed.

Actions by Morton Rainwater, Julius L. Johnson and Rufus Powe, respectively, against the Merchants & Farmers Bank of Cheraw, S. C. From orders refusing reference, defendant appeals.

The complaint, omitting the caption, is as follows:

The complaint of the above named plaintiff respectfully shows to the Court:

(1) That the plaintiff is now, and was at the times hereinafter mentioned, a resident of the county of Marlboro, State of South Carolina, and the defendant is now, and was at the times hereinafter mentioned, a corporation under and by virtue of the laws of the State of South Carolina, having its principal place of business in the town of Cheraw, county of Chesterfield, State aforesaid.

(2) That the defendant now has in its possession 13,841 pounds of lint cotton belonging to the plaintiff. The plaintiff is informed and believes that the defendant has a claim or mortgage on one-half of this cotton, that is to say,

6,920½ pounds, and the plaintiff is also informed and believes that the defendant has a claim or a mortgage on the remaining one-half to the extent of plaintiff's account with P. E. Hamer, which amounts to $409.66, which would amount to 4,819½ pounds. The balance of the said cotton, that is, 2,101 pounds, and, though plaintiff has demanded the same, the defendant knowingly and wilfully retains possession to the great damage and injury of the plaintiff.

(3) The defendant now has in its possession property of the plaintiff in the amount of 2,101 pounds of cotton and, though plaintiff has demanded the same, the defendant knowingly and wilfully retains possession thereof.

(4) Plaintiff alleges that the value of the property referred to, which the defendant unlawfully and wilfully deprives the plaintiff of, is worth $178.58.

(5) That the unlawful and wilful retention of plaintiff's property by the defendant has greatly damaged the plaintiff, and has retarded, injured and damaged the plaintiff's preparation and management of his farm work during the year 1915 to a large extent, and has forced the plaintiff at expense, worry, trouble and time lost to make other plans and arrangements in order to carry on his business. And the defendant well knew and now well knows that its retention of plaintiff's property has damaged and is damaging plaintiff, and at the time it refused to deliver said property to the plaintiff it well knew that plaintiff would be damaged in his farming operations and business, and plaintiff alleges that the loss sustained and inflicted on account of the wilful and unlawful acts of the defendant amounts to $500, actual damages.

(6) That the defendant in its unlawful and wilful detention of plaintiff's property has acted in a high-handed, unlawful and wilful manner, well knowing that its acts would inflict injury upon the plaintiff; and this plaintiff is

informed and believes that he is entitled to receive in addition to his actual damages punitive damages, and that on account of the wilful and knowing injury inflicted upon this plaintiff the defendant should be punished in the sum of $500.

Wherefore, plaintiff demands judgment in the sum of $1,178.58, together with the costs and disbursements of this action.

The answer, omitting the caption, is as follows:

The defendant, answering the complaint, herein, says:

First, for a first defense: (1) That it admits the allegations contained in paragraph 1 of the said complaint; (2) that it denies, on information and belief, each and every other allegation contained in the said complaint, and alleges that plaintiff has been fully paid for all labor expended by him on said crop.

Second, for a second defense: (1) On information and belief, this defendant alleges that the plaintiff was a share cropper of P. E. Hamer's, and that such crops as plaintiff produced during the year 1914, if any, were the property of P. E. Hamer; and that same were duly mortgaged to this defendant, without any notice, either actual or constructive, of any claim of the plaintiff's whatsoever; and that whatever cotton this defendant may have received, which was produced by the plaintiff, was received voluntarily on the part of both plaintiff and P. E. Hamer; and that said P. E. Hamer is largely indebted to this defendant on a debt which the said mortgage on said crops was given to secure, and this defendant is informed and believes that the plaintiff owes the said P. E. Hamer very much more than any part of the crop coming to him was worth when so delivered; and it denies specifically that there was any balance coming to the plaintiff under a proper accounting and settlement in a Court of equity as between the plaintiff and said P. E. Hamer; and alleges, on information and belief, that this is a collusive suit between the plaintiff and P. E. Hamer for the pur-

pose of endeavoring to take away from this defendant a large part of the cotton which the said Hamer actually paid to the said bank on the said mortgage, and the said P. E. Hamer is the moving spirit in the same; and that it is a proceeding brought for the purpose of defrauding this defendant out of the cotton, which was voluntarily delivered by all of the parties to this defendant, to be applied on the said debt.

Wherefore, the defendant asks that the complaint be dismissed with costs.

*Messrs. Stevenson & Prince,* for appellant, submit: *Order is appealable:* 99 S. C. 475; 61 S. C. 4; 43 S. C. 187. *Nature of action:* 87 S. C. 369. *Rule in equitable actions:* 91 S. C. 296.

*Messrs. J. J. Evans* and *J. K. Owens,* for respondent, submit: *Order discretionay:* 75 S. C. 315; 53 S. C. 131; 66 S. C. 459; 64 S. C. 290; 27 S. C. 235; 34 S. C. 169.

September 28, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order refusing a reference. The complaint alleges:

"(2) That the defendant now has in its possession 13,841 pounds of lint cotton belonging to the plaintiff. The plaintiff is informed and believes that the defendant has a claim or mortgage on one-half of this cotton, that is to say, 6,920½ pounds, and the plaintiff is also informed and believes that the defendant has a claim or a mortgage on the remaining one-half, to the extent of plaintiff's account with P. E. Hamer, which amounts to $409.66, which would

amount to 4,819½ pounds.   The balance of the said cotton is 2,101 pounds, and, though plaintiff has demanded the same, the defendant knowingly and wilfully retains posses-sion, to the great damage and injury of the plaintiff.

"(3) The defendant now has in its possession property of the plaintiff in the amount of 2,101 pounds of cotton, and, though plaintiff has demanded the same, the defendant knowingly and wilfully retains possession thereof."

After denying the allegations of the complaint, the defendant interposed the following as a defense:

"On information and belief, this defendant alleges that the plaintiff was a share cropper of P. E. Hamer's, and that such crops as plaintiff produced during the year 1914, if any, were the property of P. E. Hamer; and that same were duly mortgaged to this defendant, without any notice, either actual or constructive, of any claim of the plaintiff's what-soever; and that whatever cotton this defendant may have received, which was produced by the plaintiff, was received voluntarily on the part of both plaintiff and P. E. Hamer; and that said P. E. Hamer is largely indebted to this defend-ant on a debt which the said mortgage on said crops was given to secure; and this defendant is informed and believes that the plaintiff owes the said P. E. Hamer very much more than any part of the crop coming to him was worth when so delivered. * * *"

The appellant's exceptions are as follows:

(1) "The Court erred, it is respectfully submitted, in holding that, under the pleadings, this was not a case of equity for an accounting, but was a case for damages for a jury."

(2) "The Court erred, it is respectfully submitted, in not holding that this was simply an action in equity for an accounting between a share cropper and his employer, and that the defendant bank stood in the shoes of the employer, and that it was a matter of equity and should be referred."

On the call of the case a preliminary motion was made to dismiss the appeal on the ground that the order is not appealable, and, therefore, that the Court is without jurisdiction, at this time, to hear the case. It is only necessary to state that an order which deprives a party of a mode of trial to which he is entitled by law is appealable.

We proceed to determine whether the effect of said order was to deprive the appellant of such right.

Section 331 of the Code is as follows:

"Where the parties do not consent, the Court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases: (1) Where the trial of an issue of fact shall require the examination of a long account on either side; in which case, the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or (2) where the taking of an account shall be necessary for the information of the Court before judgment. * * *"

That section must be considered in connection with section 312 of the Code, which provides that an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived.

It cannot be contended for a moment that this is an action for the recovery of specific real or personal property; and we shall proceed to show that it is not an action for the recovery of money only.

The complaint shows that the defendant is a mortgagee, and that he is in possession of the property covered by his mortgages. It does not allege, except inferentially, the amount due on one of the mortgages, but does allege that the indebtedness secured by the other mortgage amounts to $409.66, leaving a "balance" of 2,101 pounds after satis-

faction of the mortgages. It does not allege any facts tending to show that the plaintiff's right to the possession of the cotton is paramount to the right of the mortgagee.

The cases of *Reese v. Lyon,* 20 S. C. 17, sustain the following propositions:

(1) That, upon breach of the condition in a mortgage of personal property, the legal title to the property becomes vested in the mortgagee.

(2) That, where the mortgagee is in possession of the property, the mortgagor cannot maintain an action, either for claim and delivery or for damages arising out of the detention of the property, for the reason that such possession is not wrongful.

(3) That, after condition broken, and before a sale of the property, the only right of the mortgagor is to bring an action to redeem, which is equitable in its nature.

(4) That the Court, in the exercise of its chancery powers, will not, however, allow the mortgagor to redeem, unless he pays, not only the indebtedness secured by the mortgage, but, likewise, any other debts he may owe the mortgagee.

We need not discuss the proper remedy of the mortgagor after the sale of the property, as it appears that the mortgagee has not sold the cotton.

Although a complaint may contain allegations appropriate to an action for the recovery of a judgment for money, nevertheless, if the plaintiff also seeks to subject specific property to the satisfaction of his claim, the action is equitable in its nature, and the plaintiff is not entitled to a trial by jury. *Ex parte Landrum,* 69 S. C. 136, 48 S. E. 47.

In that case the Court uses this language:

"In an action at common law, the only judgments that could be rendered were: (1) For the recovery of specific

real property; (2) for the recovery of specific personal property; (3) for money.

"In the case under consideration, the respondents not only seek to recover judgment for the amount of their fees, but likewise to have determined out of what fund they are to be paid.    This renders it necessary to invoke the aid of the Court in the exercise of its chancery powers.    The facts are, therefore, reviewable by this Court."

The said case and others of a kindred nature are cited in *Mobley v. McLucas,* 99 S. C. 99, 82 S. E. 986.

A motion for a reference is ordinarily addressed to the discretion of the presiding Judge, but, if it should appear, as it does in the present case, that his discretion was erroneously exercised, then the order granting or refusing a reference, will be set aside.

Not only was there error in refusing a reference as to the issues arising out of the complaint, but, as it clearly appears that the issues raised by the defense cannot be determined without the aid of the Court in the exercise of its equitable jurisdiction, there was error, also, in refusing a reference as to those issues.    *Trump v. Mikel,* 105 S. C. 280, 89 S. E. 645; *Devereux v. McCrady,* 46 S. C. 133, 24 S. E. 77; *Mercantile Co. v. Britt,* 102 S. C. 499, 87 S. E. 143.

Reversed.

Two other cases were heard in connection with this case. The facts are similar and the same questions are involved. The orders in those cases are also reversed.

MESSRS. JUSTICES HYDRICK and FRASER concur in the opinion of the Court.

MR. JUSTICE WATTS, *dissenting.*    This is an appeal from an order of Judge DeVore refusing a motion made by the defendant-appellant for an order to transfer the causes from

calendar 1 to calendar 2 for trial and for orders of reference. The appeal raises two points: (1) Is the order appealable? and (2) Is it a law cause or a cause in equity?

As to the first, ordinarily the refusal of the trial Judge to grant an order of reference is not appealable, as it is within the discretion of the Judge, but where a substantial right is involved an appeal will lie in this cause, the question involved is whether it is a law cause to be tried as such before the Court and jury, or an equity cause to be tried by the Court, and involves a substantial right, and, therefore, appealable, and the motion to dismiss the appeal is overruled and refused.

As to the second question, is it a law or equity cause? Ordinarily the complaint primarily indicates the cause of action, whether legal or equitable. In the case at bar the complaint states a cause of action for wrongful detention and conversion, and seeks to recover the value of said property and damages for the unlawful detention and conversion.

The answer of the defendant is a general denial and also raises equitable issues. An examination of the pleadings in the cause shows that both legal and equitable issues are raised.

The complaint is to recover an unliquidated money demand as damages and, that being the case, clearly the parties are entitled to a trial by jury, unless that mode of trial has been waived. *Wilson v. York,* 43 S. C. 301, 21 S. E. 82.

The real object of this suit by the plaintiff is to obtain his share of the crop to which he is entitled under his contract with Hamer. He does not question the right of the appellant to what interest Hamer has in the crop whatever. He admits that Hamer had one-half of the crop and in his, the plaintiff's, half the amount he owed Hamer, his landlord. He admits that he has no interest in the crop until Hamer is paid in full, but alleges that the bank has not only seized the

interest of Hamer and all that Hamer is entitled to, but has seized his interest after he had fully paid Hamer. The respondent, being a share cropper, had no interest in the crops until he paid his landlord in full. The whole crops were the landlord's until he was paid in full. *Mercantile Co. v. Britt,* 102 S. C. 503, 87 S. E. 143.

But in the case at bar the plaintiff is not suing the landlord, but alleges the appellant seized not only Hamer's interest in the property, but his also, over which Hamer or his assigns have no claim whatsoever.

The statute gives the laborers a lien on the crop for the amount due them for such labor next in priority to that of the landlord, and the appellant was only entitled to look to whatever interest Hamer had in the crop, to wit, one-half, and out of the share of respondent whatever he owed Hamer. Anything over this the respondent was entitled to.

The defendant sets up fraud and collusion between the plaintiff and his landlord, Hamer. Hamer is not a party to this suit, but defendant's answer does raise equitable issues.

But the plaintiff must first establish his claim that the defendant unlawfully took his property and converted it to its own use, not any property of Hamer, but property of plaintiff in which and over which Hamer had no claim. This contention must be heard before the tribunal appointed for that purpose, and we see no error on the part of his Honor.

Mr. Justice Gage, *also dissenting.* I concur with Mr. Justice Watts that the order below ought to be affirmed.

Let the pleadings be reported.

The complaint is *verbose,* but the essence of it is that the bank holds 2,101 pounds of cotton worth $178.58, which money belongs to the plaintiff; that the bank refuses the plaintiff the worth of that money; that the plaintiff have judgment for the money. It is an action for conversion; it is the statement of a case at law; it is an action "for the

recovery of money only;" it is of right triable by a jury (Code, sec. 312) ; it cannot be ousted by an equitable defense pleaded in the answer.

If the plaintiff shall prove the allegation, he will be entitled to a verdict. If the plaintiff shall fail to prove the allegations, or if the defendant shall overthrow it by proof, then the plaintiff will not be entitled to a verdict; and that ends his case at law.

The answer sets up only a defense; it demands no affirmative relief. If that defense be good, call it legal or equitable, the proof of it would operate to defeat the plaintiff's recovery before a jury. *Fludd v. Assurance Soc., 75 S. C. 318, 55 S. E. 762*; Pom. Rem., secs. 88, 92. And that would end the plaintiff's case at law.