10423

RAINWATER *ET AL.* v. MERCHANTS & FARMERS BANK, OF CHERAW, S. C.

(103 S. E. 587.)

1. LANDLORD AND TENANT—SHARE CROPPERS HELD TO HAVE NO LIEN ON CROPS IN HANDS OF MORTGAGEE.—Where owner of land, rented on shares, mortgaged his crop, and, as gathered, it was delivered to the mortgagee with the consent of the share croppers, mortgagee agreeing to settle with them for their interest therein after deducting what they owed the owner for advances, the share croppers had no statutory lien on their shares of the crop.

2. LANDLORD AND TENANT—SHARE CROPPERS COULD SUE IN EQUITY MORTGAGEE IN POSSESSION.—Where owner of land, renting it out on shares, mortgaged the crop, and, as gathered, it was delivered to the mortgagee with the consent of the share croppers, mortgagee agreeing to settle with the share croppers for their interests therein, after deducting what they owed the owner for advances, on refusal of the mortgagee to settle with them, such share croppers could maintain an action against such mortgagee on their equitable right in or title to their share of the cotton.

3. LANDLORD AND TENANT—CROPPER'S MEASURE OF DAMAGES STATED.—Where owner of land rented on shares mortgaged the crop, and, as gathered, it was delivered to mortgagee by consent of the share croppers, the mortgagee agreeing to settle with them for their interest after deducting what they owed the owner for advances, the mortgagee had the right to settle with them at the market price of the crop on day of demand for settlement, but, having refused to settle with them and afterwards having sold the crop, the mortgagee must account for it at the price received, if not less than the market price on the day settlement was demanded.

4. INTEREST—OWNER OF SHARES OF CROP WRONGFULLY SOLD ENTITLED TO INTEREST ON PROCEEDS OF SHARES AFTER SALE.—Where owner of land, rented on shares, mortgaged crop and it was delivered to mortgagee, as gathered, with the consent of the share croppers, mortgagee agreeing to settle with them for their interest therein after deducting what they owed the owner for advances, and mortgagee refused to settle

24—S. C. 114

with the share croppers and subsequently sold the crop, such mortgagee must, on accounting with share croppers, pay interest from the day of sale on the net amount due them.

Before MOORE, J., Marlboro, Spring term, 1919. Reversed.

Action by Morton Rainwater, Julius L. Johnson and Rufus Powe against Merchants & Farmers Bank, of Cheraw, S. C. From judgment for defendant, the plaintiffs appeal. For former appeal in this case, see 108 S. C. 206.

*Messrs. J. J. Evans* and *J. K. Owens,* for appellants, cite: *It is conceded that a share cropper has no title to a crop superior or equal to that of a holder of a mortgage given by the landlord:* Code, vol. I, sec. 3809; 18 S. C. 510; 20 S. C. 1; 79 S. C. 103; 70 S. C. 391. *Any rights defendant may have had under the mortgages were waived:* 40 Cyc. 265g. *Not only by agreement, but by conduct:* 22 L. R. A. 432; 40 Cyc. 267i. *Sufficient evidence of waiver to take it out of doctrine announced in 76 S. C. 248. Where no evidence is furnished as to sale price the highest intermediate price is the proper one to allow:* 18 S. C. 179; 72 S. C. 458; 13 Cyc. 171b; 1 N. & McC. 334; 2 Spears 38; 6 Rich. 310; 8 R. C. L. 49.

*Mr. C. L. Prince,* for respondent, cites: *No contract proven by disinterested witness, only a common law share crop contract conferring on lien upon laborer:* 18 S. C. 510; 79 S. C. 105. *Plaintiffs had no title to the property:* 14 S. C. 40; 70 S. C. 391; 79 S. C. 105; 40 S. C. 513; 20 S. C. 5; 20 S. C. 1. *Only right of action was for damages for impairment of lien:* 91 S. C. 123; 14 S. C. 40; 15 S. C. 548; 45 S. C. 650; 53 S. C. 137.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In 1914, plaintiffs were share croppers on lands of P. E. Hamer, and became indebted to him in various sums on account for advances made during the year. Hamer mortgaged his crop to defendant, and, as the cotton was gathered, it was delivered to defendant by consent of plaintiffs, defendant agreeing to settle with them for their interest therein, after deducting what they owed Hamer.

After having so obtained possession of the cotton, defendant refused to settle with plaintiffs, and they brought separate actions against defendant for actual and punitive damages for the detention and conversion of their shares of the cotton, each alleging that defendant had in its possession and unlawfully detained so many pounds of cotton which belonged to plaintiff; the amount of cotton claimed in each case being the plaintiff's half of the cotton raised by him, less the number of pounds necessary to pay his debt to Hamer at the market price at the date settlement was demanded and refused.

Defendant answered and denied generally the allegations of the complaint and alleged, among other things, that plaintiffs were share croppers of Hamer; that Hamer mortgaged his crops to defendant; that the cotton had been delivered to defendant by consent of plaintiffs; and that each of them owed Hamer more than his interest in the crop was worth, and, therefore, defendant owed them nothing. As the causes of action and defenses were similar, the cases were consolidated and tried together.

Defendant moved on the pleadings for an order of reference, on the ground that the action was one in equity for an accounting. The motion was refused, and defendant appealed. This Court sustained defendant's contention. 108 S. C. 206, 93 S. E. 770. While the actions were in form actions at law for damages, sufficient facts were alleged, directly or inferentially, to show that plaintiffs were share croppers, and had such an equitable title or interest in the

cotton which they had raised as would enable them to main-
tain an action in equity for an accounting for the value
thereof, even though they had no legal title to the cotton, or
to any part thereof, or any lien thereon.   It appeared that
they had merely misconceived their cause of action and rem-
edy, but had alleged enough to enable the Court to give them
the proper relief.   *Mercantile Co. v. Britt,* 102 S. C. 499,
87 S. E. 143.

Accordingly, a reference was had, and the referee took
and reported the testimony and his findings and conclusions.
He held (erroneously) that plaintiiffs had a statutory lien
on their shares of the crops raised by them, and found
that Johnson's half of his crop of cotton was 11,904
pounds; that he owed Hamer $483.48; that it took
7,736 pounds of his half at 6¼ cents per pound (the market
price at date settlement was demanded and refused) to pay
his debt, leaving 3,168 pounds in defendant's hands for
which he held defendant liable at 30 cents a pound, the
highest market price since settlement was demanded.  There-
fore he recommended that Johnson have settlement against
defendant for $950.40.   By a like course of reasoning, he
found that Rainwater was entitled to judgment against
defendant for $60.   He found that Powe's half of his cot-
ton was 5,251 pounds, that he owed Hamer $314.52, but he
found (erroneously, as the figures show) that Powe's share
was not enough to pay his debt, and, therefore, defendant
owed him nothing.   It will be seen from the figures above
that the referee made some errors in his calculations.   But,
as we shall show, he did not adopt correct principles of
accounting, and hence his errors of calculations are not
material.

Both sides took numerous exceptions to the findings and
conclusions of the referee, and the case was heard by the

Court.   Contrary to its contention on the first appeal, and contrary to the decision of this Court thereupon, the defendant contended before the Circuit Court that plaintiffs could not maintain the action, because they failed to prove that they had the legal title to the cotton in question, or any part thereof, and the Court sustained that contention—erroneously, of course, as we had decided that they could maintain the action on their equitable right in or title to their shares of the cotton.

Defendant also contended that plaintiffs' only remedy was an action for damages for the impairment of their statutory lien, if they had one, and then proceeded to show (correctly) that they had none, which contention was also sustained by the Court, and that, too, was contrary to our decisions; for we had held that they had a remedy in equity for an accounting, based on their equitable right in and title to their shares of the cotton.

The Court also found that plaintiffs had failed to prove by the preponderance of evidence that the value of their shares exceeded the amounts which they respectively owed Hamer.   If that finding were correct, it would end the case, but, according to the testimony, and the specific findings of the referee, to which no exception was taken by defendant, that finding cannot be sustained.   As to two of the plaintiffs (Johnson and Rainwater) it was not an open question. As to Powe, it was clearly against the plaintiffs' evidence before us, which is not even contradicted by defendant's evidence.

It will be seen from what has been said that the case has not been tried in accord with the previous decision of this Court as to the right of plaintiffs to maintain the action. We have no way of knowing to what extent the errors into which the Court was led upon that point affected its decision upon the other.   It may have influenced, if it did not control it.   Therefore, we feel constrained to remand the case

for trial in accord with our previous decision as to plaintiffs' right to maintain the action, and according to correct principles of accounting by defendant.

If defendant had settled with plaintiffs, when settlement was demanded, it would have had the right to settle with them at the market price of their cotton on that day. · But, as defendant refused to settle with them and afterwards sold the cotton, it must account for it at the price received, provided it is not less than the market price on the day that settlement was demanded and refused If the price fell after that day, defendant cannot have the advantage of it, for that would be allowing it to take advan tage of the results of its own wrong in refusing to settle But, if the price advanced and defendant actually received a better price, it must account for the value of the plaintiffs' shares at the price obtained therefor, and it must pay interest from the day of sale on the net amount (if any) found to be due to each of the plaintiffs, after deducting his debt to Hamer.   As we have already said, if it should be found that the share of any plaintiff is no more than enough to pay his debt to Hamer, such plaintiff can recover nothing.

3, 4

The judgment of the Circuit Court is reversed, and the case is remanded for trial according to the principles herein announced.

Reversed.