### 10475

## EMPIRE MERCANTILE CO. v. M. C. KISER CO.

### (103 S. E. 708.)

COMPROMISE AND SETTLEMENT—WHETHER DEFENDANT AGREED TO ACCEPT A COMPROMISE WITH CREDITORS HELD FOR JURY.—In an action by plaintiff, which asserted that after defendant recovered judgments against it, defendant participated in an agreement for settlement with creditors, and agreed to accept a prorate amount, thus preventing plaintiff from going into bankruptcy, *held* that the judgment

was not attacked, and the question whether the agreement was made and defendant secured an undue advantage should be submitted to the jury.

Before DEVORE, J., Anderson, Fall term, 1919. Reversed.

Action by Empire Mercantile Co. against M. C. Kiser Co. From directed verdict for defendant, the plaintiff appeals.

*Messrs. Bonham & Allen,* for appellant, cite: *Grounds on which judgment of Georgia Court may be attacked:* Bail. Eq. 146; *Ibid.* \*110; *Ibid.* \*334. *Entry of judgment after assurances of abandonment of further proceedings:* 22 N. J. Eq. 115; 32 L. R. A. (N. S.) 929, and note. *Agreement or representation by one litigant to prevent appearance by the other:* 15 R. C. L. 765-6.

*Mr. A. H. Dagnall,* for respondent, cites: *Georgia judgment entitled to full faith and credit:* Const. U. S., art. IV, sec. 1; Fed. Stat. Ann., vol. XI, pp. 185-219. *And conclusive of all questions that could have been raised by parties then before the Court:* 108 S. C. 11. *Effect of constitutional provision:* 99 S. C. 92; 64 S. C. 382; 52 S. C. 518; 1 S. C. 158; 15 R. C. L. 924; 23 Cyc. 1544-5. *Res adjudicata:* 15 R. C. L. 949; 23 Cyc. 1105. *Matters concluded by judgment:* 23 Cyc. 1556; 15 R. C. L. 969. *Judgment in rem:* 15 R. C. L. 917. *Cannot impeach judgment collaterally:* 23 Cyc. 1055. *Even if collateral agreement admissible, no consideration to support it:* 13 Corp. Jur. 357.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

Both appellant and respondent rely on the following statement of the case:

"Appellant is a corporation under the laws of the State of South Carolina, and respondent is a corporation under the laws of the State of Georgia.   When this action was begun, and at the time hereinafter mentioned and now, appellant was engaged in the mercantile business at Williamston, Anderson county, in the State of South Carolina, and respondent was likewise engaged at Atlanta, in the State of Georgia.   In the spring of 1916 appellant became embarrassed financially, and suffered the loss by fire of its storehouse to stock of goods, which were insured.   It set about to compromise with its creditors.   It was indebted to respondent in the sum of $529.63.   Respondent a few days after the fire, namely, on the 29th day of February, 1916, attached in two suits in the Municipal Court of Atlanta the funds due appellant from the insurance company.   One of the suits was for $431.40.   Judgment was rendered on the 25th day of May in one suit for the sum of $425.10 as principal, $14.45 as interest, and $12.70 as costs, and in the other judgment was rendered for $90.13 as principal, $2.01 as interest, and $10.45 as costs.   The judgments were duly authenticated according to the act of Congress, and were introduced in evidence.   Appellant contends that there was an agreement that the respondent would release the attachment upon payment of $142 in addition to the 40 per cent. offered other creditors.   Respondent denies that there was such an agreement.   The action is predicated upon the alleged agreement.

"At the close of the testimony respondent's counsel moved to direct a verdict for defendant on the ground that there was no valid consideration for the cause of action set forth in the complaint, and because the testimony shows that this case has been tried and adjudicated in the Municipal Court of Atlanta, State of Georgia, and plaintiff is, therefore, estopped from attacking the judgment.   The motion was granted, and the Court directed a verdict for the defendant."

The exceptions raise the following questions:

"Was there an agreement between plaintiff and defendant which was breached by the taking of the judgment in Georgia?

"Second. Is the judgment so taken in Georgia conclusive of plaintiff's rights in this case?

"Third. Should the decision of this case have been submitted to the jury?"

The evidence in the case shows that negotiations were going on between the plaintiff and defendant even after the defendant collected the money in May. Negotiations were going on in June, showing the matter was not concluded between them and was still open for an adjustment, the $142 was to be paid by individuals, and not the plaintiff corporation.

The plaintiff was not trying to defraud his other creditor by settling with the defendant, but it contends that the defendant lulled it into a false sense of security, and prevented it from going into bankruptcy, whereby its other creditors would have received an equal per cent. of its assets: that he is not assailing the judgment obtained by the defendant, but that it is contending that the defendant for a consideration agreed to take less than the judgment called for His Honor erroneously conceived the effect which would be given to the Georgia judgment. The plaintiff is not assailing the judgment obtained in Georgia, but contends that it could have gone into bankruptcy, whereby all of its creditors would prorate alike, but that the defendant gave it certain assurances, and made it certain promises, whereby it did not appear in the case, and took no steps at all, such as going into bankruptcy, and that the defendant in obtaining the judgment and collecting the money obtained an undue advantage over it, and that, even if judgment was collected, negotiations were still going on between them It is insisting that the defendant carry out its agreement.

based upon a good and valuable consideration, and return to it the excess over what defendant agreed to take for the judgment. His Honor should have submitted the issue to the jury, whether there existed an agreement as was alleged in the complaint. The complaint alleges such an agreement, and the defendant's contention is that there was no such contract.

Reversed and new trial granted.