## 10730

### MATTISON v. GLENN

(109 S. E. 105)

LANDLORD AND TENANT—OWNER MUST ACCOUNT TO SHARE CROPPER FOR MARKET VALUE WHEN SETTLEMENT DEMANDED, WITH INTEREST FROM SUCH DATE.—In a share cropper's action against owner for an accounting, the Court erred in charging defendant on the

basis of the value of plaintiff's share of the crop, if sold at the highest price at which it could be sold at any time after plaintiff demanded settlement; defendant being properly chargeable with no more than the market value at the time settlement was demanded, with interest on the balance due from that date.

Before GARY, J., Anderson, December, 1920. Modified.

Action by Pink Mattison against W. Keith Glenn. Judgment for plaintiff and defendant appeals.

The decree of the Court below is as follows:

This is a suit for accounting between the plaintiff and the defendant, W. Keith Glenn. The plaintiff claims that as a share cropper the said defendant is still due him, practically all of the plaintiff's share of the crop raised by him. The said defendant claims that he does not owe plaintiff anything. That the said defendant has furnished the plaintiff supplies to an amount greater than the plaintiff's share of the crop, and that the plaintiff is really indebted to the said defendant in the sum of 90-odd dollars. It was referred to a special referee to take the testimony in the case and to state the account between the parties. The special referee has taken the testimony and made his report. Both sides except to the report. Their several exceptions may be found in the record. The case is now before me upon these exceptions.

The testimony as to many of the facts in dispute is vague, indefinite, and unsatisfactory. Frequently it amounts to no more than an assertion on the part of the plaintiff and a denial on the part of the defendant. It is difficult to determine with certainty where the truth is. I think the special referee has in the main reached just conclusons, except as to the nature of the final judgment rendered by him. I agree with the referee as to the terms of the contract between the parties, and that they were share croppers. The main questions, then, are: First. What crops were

made by plaintiff? Second. What supplies were fur-
nished plaintiff by defendant? Third. What incidental
items should be credited to each?

To answer these questions is simply to state the accounts
between the parties. This we will proceed to do. The
plaintiff should, of course, be credited with one-half of the
crops raised by him, the value thereof being ascertained
by calculating what it will amount to if sold at the highest
price at which said crop could be sold any time after the
plaintiff demanded a settlement from the said defendant.
This principle of settlement between share croppers is
recognized in the recent case of *Rainwater et al. v. Mer.
& Farmers' Bank* of Cheraw, S. C., 114 S. C. 358, 103
S. E. 587.

The defendant claims to have an account against the plain-
tiff for supplies amounting to $2,034.74. Some of the items
going to make up this account should not be allowed. The
item of $140.82 for interest was properly disallowed by
the referee. The item of $8 for bolster should not be
allowed. The item of $8 for three wagon tongues should
not be allowed. The item of $2.50 for two hoes should not
be allowed. If the remaining items are incorrect, the tes-
timony is too unsatisfactory and vague to warrant the
Court in so holding.

The account of the said defendant against the plaintiff
would therefore stand as follows:

The account as set forth .................... $2,034 74
Less items disallowed ...................... 159 32

Balance ........................... $1,875 42

The plaintiff's account against the said defendant should
stand as follows:

For cotton seed ......................... $    41 38
For 12 bushels of bottom corn at $2.25 per bushel    27 00

For cane seed ...........................     6 00
For one-half good cotton, to wit, 5,095 pounds, at
    33 cents per pound .....................  1,681 35
For one-half off-grade cotton, to wit, 2,019
    pounds, at 30 cents per pound ..........   605 70
 

Total .............................  $2,361 43
                                 1,875 42

Balance due plaintiff .................. $ 486 01
—for which amount plaintiff should have judgment against
the defendant, W. Keith Glenn.

It is therefore hereby ordered, adjudged, and decreed
that the special referee's report herein be and the same is
amended in the particulars indicated, and that the plaintiff,
Mattison, have leave to enter up judgment against the de-
fendant, W. Keith Glenn, for the sum of $486.01.

*Mr. A. H. Dagnall,* for appellant, cites: *Defendant due
to account only for market price at time of breach or de-
mand, not for highest price that could have been obtained;*
114 S. C. 358; 92 S. C. 119; 1 Bay 102; Harp. 112; 13
Cyc. 168; 101 S. E. 192 (Ga.); 61 S. W. 538. *Oral
agreement to pay interest on the account and advances and
it should have been allowed:* 92 S. C. 114; 1 Bail. 623;
1 Hill 400; 1 Riley L. 218; 8 Rich. 287; 10 Rich Eq. 53;
2 Nott & McC. L. 496; 17 S. C. 314; 47 S. C. 185; 92 S.C.
338; 22 Cyc. 1503, 1541. *Damage by tenant properly de-
ducted in settlement by landlord:* 115 S. C. 374, 105 S. E.
737; 43 S. C. 63. *Plaintiff can recover no more than he
sued for:* 47 S. C. 176; 86 S. C. 525;

*Messrs. Bonham & Allen,* for respondent, cite: Not
*an account stated:* 104 S. C. 280. *Open running account
does not bear interest:* 1 Civ. Code 1912, Sec. 2516; 100
S. C. 100; 98 S. C. 313; 2 Bay 233; 30 S. C. 177; 20 S. C.

555. *Settlement must be at price received not less than market price*: 114 S. C. 358.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

In view of the conflicting and confused state of the testimony in this case, the Circuit Judge has arrived at the justice of it as nearly as we might hope to do, with these exceptions:

(1) The defendant should account for the good cotton at 28 cents per pound and the off-grade at 25 cents per pound; the rule in the Rainwater Case, 114 S. C. 358, 103 S. E. 587, does not justify charging him with more than the market value at the time settlement was demanded, with interest from that date, November 1, 1918; the interest to be calculated upon the balance ascertained to be due by the defendant to the plaintiff as of that date.

(2) The defendant should account for the bottom corn, $20, that being the amount claimed in the complaint.

(3) The defendant should not be required to account for more than $2 for cane seed furnished by the plaintiff, as he testifies that he only bought one-half bushel at $4 per bushel.

The account between the parties would then stand thus:

Defendant's account ........................ $2,034 74
Less items disallowed ...................... 159 32

$1,875 42

The plaintiff's account:

Cotton seed .................... $ 41 38
Bottom corn .................... 20 00
Cane seed ...................... 2 00
Good cotton .................... 1,426 60
Bad cotton ..................... 504 75    1,994 73

Balance due plaintiff .................. $ 119 31

—with interest from November 1, 1918, at 7 per cent. per annum.

The judgment of this Court is that the judgment of the Circuit Court, as thus modified, be affirmed; all costs to be paid by the defendant.

JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY: I dissent. The judgment of the Circuit Court should not be modified, but affirmed, for the reasons therein stated.