10834

WILSON *ET AL.* v. GARRISON *ET AL.*

(110 S. E. 806)

CHATTEL MORTGAGES—MORTGAGEE CANNOT BEFORE DIVISION RECOVER
    POSSESSION OF MORTGAGED COTTON GROWN ON SHARES IN CLAIM AND
    DELIVERY.—Where chattel mortgage covered, in addition to mort-
    gagor's mules, wagon, etc., cotton to be grown by mortgagor on
    third party's land under agreement entitling mortgagor to a share
    of the crop, the mortgagee, on mortgagor's default and transfer
    to mortgagee of the mortgaged goods other than the cotton, could
    not recover possession of specified amount of cotton in action in
    claim and delivery against mortgagor and third party before the
    crop had been divided; his remedy being in equity.

Before SEASE, J., March, 1921.    Reversed.

Action by A. Z. Wilson et al. against George Garrison et
al. in claim and delivery.    From directed verdict for de-
fendants the plaintiffs appeal.

The complaint alleged in substance as follows:

That the defendant George Garrison, for value received,
made and delivered to the Bank of Pendleton, on January
6, 1920, his certain promissory note, payable on November
1, 1920, for $480, and to secure payment of said note, the
defendant George Garrison gave to the Bank of Pendleton
a chattel mortgage on two mules, a wagon, buggy, cow, and
two bales of good middling. lint cotton, weighing 500 pounds
each, whether already raised or to be grown thereafter by
or under the said George Garrison, duing the year 1920,
upon the following described land, to wit:    W. F. C. Owen,
Pendleton township, State of South Carolina, County of
Anderson.

That said chattel mortgage was duly recorded and for
value assigned by the Bank of Pendleton in due course to
plaintiffs, who are now the owners and holders thereof;
that the defendant George Garrison has paid no part of
said note and mortgage, but has surrendered possession of

the mules, wagon, buggy, and cow described in said chattel mortgage, and that all of said chattels are insufficient to pay said mortgage debt.

That the cotton described in said mortgage is in the possession of the defendant, W. F. C. Owen, who holds it, according to plaintiffs' information and belief, upon a junior mortgage, and refuses to deliver the same, although possession thereof has been demanded.

The complaint prays for the possession of said cotton and the sum of $100, as damages for withholding same.

The answer of the defendant George Garrison is in substance as follows:

For a first defense he alleged a general denial.

For a second defense he alleged that the personal property previously delivered to plaintiffs under said chattel mortgage was more than sufficient to pay the mortgage debt, and for that reason he pleaded full accord and satisfaction of said debt.

For a third defense he alleged that the chattel mortgage mentioned and described in the complaint is invalid and of no effect as a lien upon the crops therein mentioned because it failed properly to identify and describe the crops of cotton which it was meant to cover, as well as the time when said crops were to be raised or grown, and in that said mortgage failed to describe the land upon which said crops were to be grown.

For a fourth defense he alleged that the cotton seized by the officer in this action was not such as is mentioned and described in said chattel mortgage; and that he, the said George Garrison, had not raised any crops or cotton of the description contained in said chattel mortgage on any land of the defendant W. F. C. Owen during the year 1920.

The answer of the defendant W. F. C. Owen is in substance as follows:

For a first defense he alleged a general denial.

For a second defense he alleged that the chattel mortgage mentioned and described in the complaint is invalid and of no effect as a lien upon the crops therein mentioned be-cause it fails properly to describe and identify the crops which it was to cover, and the land upon which said crops were to be raised or grown.

For a third defense he alleged that the crops seized by the officers in this action are not such as are mentioned and described in said alleged mortgage, and that the defendant George Garrison had not raised any crops or cotton of the description contained in said mortgage on the land of the said W. F. C. Owen during the year 1920.

For a fourth defense he alleged that he had a contract with the defendant George Garrison, for the year 1920 whereby the said George Garrison was to cultivate crops on the plantation of the said W. F. C. Owen, the said W. F. C. Owen to furnish one-third of the fertilizers and the land, and to receive one-third of the crops raised by the said George Garrison; and the said George Garrison was to work his own stock, furnish two-thirds of the fertilizers, and receive two-thirds of all crops raised by him; that the crops had never been divided; and that this action in claim and delivery would not lie. He alleged further that he had a lien for advances made to the said George Garrison in making said crop.

The Court directed a verdict for the following reasons:

"I think they seized it too early. I agree with you under those authorities, Mr. Greene. This is an action for claim and delivery, and I have to direct a verdict because they had no right to seize this man's property, because it was undivided, even if he was a tenant or a laborer. They seized Mr. Owen's property, certainly seized some of his, because he had a right to some portion of every lock of cotton there, and they couldn't seize it until it was divided."

From said verdict and judgment of the Court, plaintiffs now appeal to the Supreme Court upon the following exceptions:

Exception 1. Error of the Court in holding that plaintiffs seized said cotton too early, but should have held that this action in claim and delivery would lie therefor.

Exception 2. Error of the Court in holding that plaintiffs seized some of the property of the defendant Owen, even if Garrison was a tenant or a laborer, but should have held that, Garrison being a tenant, Owen would not be entitled to the possession of any part of the crop until Garrison set it off to him.

Exception 3. Error of the Court in directing a verdict for the defendants, but should have directed a verdict for the plaintiffs.

*Mr. R. Lee Wilson,* for appellants, cites: *Tenant entitled to possession until division is made*: 23 R. C. L. 870, Sec. 19; L. R. A. 1917 C, 1111; 71 N. C., 7. *Tenant can give valid crop mortgage*: 88 S. C., 373. *Mortgagees of tenant entitled to rights of tenant after condition broken*: 107 S. C., 258.

*Messrs. Green & Earle,* for respondent, cite: *Claim and delivery will not lie for property which cannot be identified*: 23 R. C. L. 862; 12 S. W. 498; 35 Ark. 169. *Tenant's mortgage not entitled to anything until division made between landlord and tenant:* 102 S. C., 499; 107 S. C., 322. *Landlord may sue*: 24 Cyc. 1277. *Replevin proper remedy*: 34 Cyc. 1392.

February 27, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action in claim and delivery, to recover the possession of two bales of lint cotton. Under the direction of his Honor, the presiding Judge, the jury rendered the

following verdict: "We find for the defendants the possession of the property in dispute." The plaintiffs appealed upon exceptions, which, together with the complaint, the answers of the defendants, and the reasons assigned by his Honor the presiding Judge for directing the verdict, will be reported.

It appears that the plaintiffs have misconceived their cause of action and their remedy, but have alleged enough to show that they are entitled to equitable relief: *Mercantile Co. v. Britt,* 102 S. C., 499, 87 S. E., 143; *Hamilton v. Blanton,* 107 S. C., 142, 92 S. E., 275; *Driggers v. Cannon,* 107 S. C., 322, 92 S. E., 1049; *Rainwater v. Cheraw,* 108 S. C., 206, 93 S. E., 770; *Rainwater v. Cheraw,* 114 S. C., 353, 103 S. E. 587.

The pleadings raise so many conflicting and intricate rights that they can only be adjusted on the equity side of the Court.

Reversed.