338                    GARDNER *v.* JARRETT *et al.*

## 11010

### GARDNER v. JARRETT *ET AL.*

#### (113 S. E., 493)

1. REFERENCE—ERROR TO REFUSE REFERENCE OF EQUITABLE ISSUES.—
   Where pleadings raised issues which could not be determined with-
   out the aid of the Court in the exercise of its equitable jurisdiction,
   it was error to refuse a reference as to those issues. (Per Gary,
   C. J., and Fraser, J.)

2. FRAUDS, STATUTE OF—AGREEMENT TO STAND GOOD FOR SHARE
   CROPPER HELD VALID ORIGINAL UNDERTAKING.—An agreement where-
   by plaintiff agreed to make advances to a share cropper on de-
   fendant's land, in consideration that defendant would stand good
   for him, constituted an original undertaking, on which defendant
   was liable. (Per Cothran, J.)

3. LANDLORD AND TENANT—LANDOWNER, AGREEING TO PERMIT SHARE
   CROPPER TO MORTGAGE LATTER'S INTEREST FOR ADVANCES, ESTOPPED TO
   DENY VALIDITY OF MORTGAGE.—Where owner of land rented on
   shares agreed with plaintiff that share cropper might mortgage his
   interest to plaintiff as security for advances and that owner would
   release any claim he had on share cropper's interest, except for
   fertilizers, owner would be estopped from disputing plaintiff's right
   to a lien on share cropper's interest, and an appropriation by
   owner of share cropper's interest would make owner *pro tanto* re-
   sponsible to plaintiff, notwithstanding that a share cropper is
   ordinarily incapable of mortgaging his interest. (Per Cothran, J.)

Before WILSON, J., Cherokee. Fall Term, 1921. Re-
versed and remanded.

Action by Lillie M. Gardner against Ariel Jarrett and
Noah Lewis. Judgment for plaintiff against defendant
Lewis. From order refusing plaintiff's motion for a new
trial; and from an order requiring plaintiff to turn over
to Jarrett all crops seized, the plaintiff appeals.

The complaint is as follows:

The plaintiff, complaining of the defendants, alleges:

1. That the plaintiff is a merchant in this state and
county, engaged in selling goods and merchandise.

2. That the defendant Noah Lewis is now, and was
at the times hereinafter mentioned, a laborer or share crop-

per, cultivating lands of his codefendant, Ariel Jarrett, in Morgan township of this county, under a contract to receive half of all crops raised by him on the said farm or lands of Ariel Jarrett, consisting of about 23 acres, and which is described in the chattel mortgage herein set out.

3. That on May 8, 1920, the defendants entered into a contract with plaintiff whereby the plaintiff agreed to sell and deliver to the defendant Noah Lewis food and eatables, and other supplies usually necessary to be had in the making and cultivation of crops, and in order to induce the plaintiff to furnish and sell such supplies to the said Noah Lewis agreed and promised that, if the plaintiff would furnish the said Noah Lewis supplies for cultivating said crops, for the same, and further agreed, as an inducement to the plaintiff to furnish his said cropper, that he would release all of his interest in the crops of the said Noah Lewis, except so much as might be necessary to pay for fertilizers used in the cultivation of said crops. The said defendant Ariel Jarrett also agreed as a part of the same transaction that he would sign his release if the plaintiff would take a chattel mortgage from the said Noah Lewis on his half of the crops to be raised by him on the said lands of Ariel Jarrett.

4. That relying on the promises and the agreements as above stated, the plaintiff agreed to furnish the said Noah Lewis with supplies for this year, and did do so, as shown by the itemized statement which is hereto attached and made a part of this complaint, and did have the said Noah Lewis to execute to her a chattel mortgage covering his one-half of all crops raised this year on the said lands, except so much as might be necessary to pay for guano and fertilizers, as above stated, and but for the agreement on the part of the defendant Ariel Jarrett to stand good for and pay said account the same would not have been furnished by the plaintiff.

5. That the amount in supplies so furnished by the plaintiff to the defendant Noah Lewis, under and by virtue of said agreement, is the amount of $107.10, less credits of $7.66, together with interest from October 15, 1920, at the rate of 8 per cent. per annum until paid in full, which agreement is set out in the note and chattel mortgage executed and delivered to the plaintiff on May 8, 1920.

6. That the defendant Noah Lewis cultivated and raised crops of cotton, corn, peas, and other crops on said lands, the amount of which is not definitely known to the plaintiff, but he and his codefendant, Ariel Jarrett, have, as plaintiff is informed and believes, some cotton, corn, and other crops left of the value of $150.

7. That the defendants have both refused to pay any part of the said debt, or to deliver to the plaintiff any part of the said crops, but have disposed of and are disposing of said crops with the intent and purpose of defeating the plaintiff's lien and to defeat the collection of the debt justly due to the plaintiff by the defendants.

Wherefore the plaintiff demands judgment against the defendants for the sum of $99.44, with 8 per cent. interest thereon from October 15, 1920, and 10 per cent. additional as provided in the said note and mortgage as attorney's fees in case of suit or collection by an attorney, and for the recovery of said crops.

The answer of Noah Lewis is as follows:

The defendant Noah Lewis, answering the complaint, says:

1. That he has not sufficient information to admit or deny the allegations of paragraph 1 of the complaint.

2. Further answering, this defendant says that he executed and delivered to the plaintiff a chattel mortgage on his interest in the crops which he was cultivating on the lands of Ariel Jarrett during the year 1920, for $150, the consideration therefor being for supplies, etc., to be advanced and sold to him by the plaintiff during the year.

Further answering, this defendant says:

3. That he does not know anything, nor has he any information, about any contract or understanding whereby his codefendant, Ariel Jarrett, would release his interest in said crops for the benefit of this plaintiff.

4. That all allegations not herein admitted or explained are denied.

The answer of Ariel Jarrett is as follows:

The defendant Ariel Jarrett, answering the complaint herein, says:

1. That he has not sufficient information to admit of deny the allegations of paragraph 1 of the complaint, and demands proof of same.

2. That he denies all of the other allegations of the complaint.

Further answering, this defendant says:

3. That his codefendant, Noah Lewis, contracted to work a share crop with him for the year 1920, under the usual terms of a share cropper, and to receive one-half thereof, after the said Noah Lewis should have paid to this defendant all debts due and owing by him to this defendant, the amount due him to be determined by a settlement after all of the crops have been gathered and put into marketable shape, that out of all the crops made and gathered so far his codefendant is still indebted to him for support and money advanced to him for the purpose of making and gathering of the crops which he was to cultivate under his contract, and there has been no settlement between this defendant and his codefendant; that all of said crops which have been taken by the sheriff are the property of this defendant.

Wherefore this defendant prays that said complaint be dismissed, with costs.

STATEMENT OF SUPPLIES

| | | |
|---|---|---|
| April 7, 1920, articles of food, etc. | $ 8 | 00 |
| April 13th to 28th, inclusive | 18 | 47 |
| May 1st to 24th, inclusive | 45 | 31 |
| Bal. of supplies after June 1st | 35 | 32 |

.By credits, Sept. Oct., Nov., Dec. .........$7 66    7 66

Balance ........................................................ $99 44

Exhibit—Chattel Mortgage.

The usual form of chattel mortgage on crops was executed by Noah Lewis to Lillie M. Gardner, dated May 8, 1920, due in the fall, and for $............, conveying Lewis one-half of the crops to be raised on Ariel Jarrett's land in 1920, less amount due for fertilizers. It contained the usual seizure and sale clause. It was recorded June 1, 1920.

*Messrs. Butler & Hall,* for appellant, cite: *Valid assignment may be made of future earnings:* 4 Cyc., 12, 17, 18. *No particular form of assignment necessary:* 4 Cyc., 37. *Share cropper may assign interest in future earnings:* 14 S. C., 112. *Verdict would be res adjudicata of all issues arising in the cause:* 17 S. C., 40, 52 S. C., 174, .77 S. C., 493; 5 Strob. L., 141, 84 S. C., 178. *Plaintiff entitled to relief in equity even though he has failed in law action:* 45 S. C., 667; 55 S. C., 490; 50 S. C., 428; 102 S. C., 499; 103 S. C., 243; 107 S. C., 142; 107 S. C., 322; 108 S. C., 206; 114 S. C., 353; 110 S. E., 806. *Plaintiff subrogated to Lewis' right to have an accounting:* 87 S. C., 369; 117 S. C., 403.

Mr. G. W. SPEER, for respondent, Jarrett: No citations.

September 1, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

In order to understand the issues involved, it will be necessary to set out the pleadings in the report of the case.

The first question to be determined is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for an order of reference. All the issues were submitted to the jury, which rendered a verdict in favor of the plaintiff, against the defendant Noah Lewis alone, for the sum of $99.44, and the plaintiff appealed.

The following authorities show that there was error in refusing the order of reference: *Rainwater v. Bank of Cheraw*, 108 S. C., 206, 93 S. E., 770; *Id.*, 114 S. C., 353, 103 S. E., 587; *Smith v. Union, etc., Ins. Co.*, 112 S. C., 356, 99 S. E., 830; *Parker v. Victoria Real Estate Co.*, 105 S. C., 375, 89 S. E., 1068.

Having reached this conclusion, the other questions become merely academic.

Reversed.

MR. JUSTICE FRASER, concurs.

MR. JUSTICE MARION, concurs in result.

MR. JUSTICE COTHRAN (concurring in result): Action upon an account for goods sold by the plaintiff to the defendant Lewis, a share cropper upon the land of the defendant Jarrett. The claim against Jarrett is based upon an alleged original understanding on his part to stand good for the advances made to Lewis at the time the plaintiff agreed to make them in the cultivation of the crop. The complaint also alleges an agreement on the part of Jarrett to release *all of his interest* in Lewis' crop except what was necessary to pay for the fertilizer, this release to be signed by Jarrett upon the taking of a mortgage by the plaintiff upon Lewis' crop, but as a matter of fact was never signed by Jarrett after the mortgage was taken. The testimony of the plaintiff does not precisely sustain this contention; she says that Jarrett agreed to release *Lewis' interest* in the crop.

It appears that the value of the cotton alone raised by Lewis, exclusive of cotton seed and other crops, was $627.52 after paying for the guano, all of which was applied by Jarrett to claims held by him against Lewis. A small part of the crop was seized by the Sheriff at the instance of the plaintiff, and the proceeds, we assume, applied to the plaintiff's claim. No details of this seizure are contained in the record for appeal.

Assuming the facts to have been as testified to by the plaintiff, she had two remedies, either or both of which she had the right to pursue: (1) An action against Jarrett upon the original undertaking to stand good for Lewis' account; (2) an action against Jarrett upon his agreement to release Lewis' interest in the crop for the protection of the plaintiff and his appropriation of that interest in violation of this agreement.

If at the time the plaintiff agreed to make the advances to Lewis, and in consideration thereof, Jarrett agreed to stand good for them, this would constitute an original undertaking upon which Jarrett would be liable.

Or if at that time and in consideration thereof Jarrett agreed that Lewis might mortgage his interest to the plaintiff as security for the advances, and that he would release any claim upon Lewis' interest except the fertilizers, he would be estopped from disputing the right of the plaintiff to a lien upon Lewis' interest, notwithstanding the fact that Lewis was a share cropper and under normal conditions incapable of mortgaging such interest, and an appropriation by Jarrett of Lewis' interest would make him *pro tanto* responsible to the plaintiff. But it appears from the complaint that the plaintiff did not proceed upon the latter theory. The case was docketed, we assume, on Calendar 1, and was called for trial before a jury. No motion was made for a reference upon any equitable issues

involved in the case, if it should be said that there were any; but the case was tried as one at law, the contested issue being whether or not Jarrett had stood for Lewis' account, which issue was explicitly stated by the trial Judge, and no objection interposed by the plaintiff, with the exception that counsel for plaintiff suggested that the action was both upon the account and for the foreclosure of the chattel mortgage, a proposition that finds no support in the allegations of the complaint.

The jury rendered a verdict in favor of the plaintiff against Lewis alone for $99.44, no mention apparently being made of the defendant Jarrett. The plaintiff made a motion for a new trial upon several grounds, only one of which may be noticed. The defendant, Jarrett, admitted that he had agreed to stand good for the first order of goods furnished to Lewis, which amounted to $8.00. The plaintiff was clearly entitled to a judgment against Jarrett for that amount. The Court doubtless in its discretion would have the power to grant a new trial *nisi* in this case, refusing it upon condition that defendant, Jarrett, consented to the entry of a judgment against him for that amount. 29 Cyc., 1019. But the verdict shows such an utter disregard of the facts of the case that, in our opinion, the interests of justice demand a reversal of the entire judgment.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial, with leave to the plaintiff to amend the complaint as she may be advised.